## SAVERY v. BUSICK.

1. VERDICT AGAINST INSTRUCTIONS. A jury in agreeing upon its verdict must be governed by the law as given in the instructions of the court;

and the Supreme Court will not review instructions when the verdict is inconsistent therewith.

*Appeal from Polk District Court.*

MONDAY, APRIL 15.

ON the 12th of October, 1857, defendant confessed a judgment before the clerk of the District Court for the sum of three hundred and nine dollars and fifty cents, being the supposed balance due the plaintiff on a fifteen hundred dollar note, dated the 21st of July and payable in six months. It was afterwards ascertained that a mistake had been made in the computation of interest on said note, and that the true balance due was $384,50, being seventy-five dollars more than the amount for which judgment was confessed. This last named sum plaintiff alleges that the defendant afterwards made a parol promise to pay. Failing to do so, a suit was brought upon said promise to recover the seventy five dollars before a magistrate. A trial being had, a judgment was rendered in favor of plaintiff for the amount of his claim. The cause was taken by appeal to the District Court, and on a second trial there, the plaintiff claimed to have shown the mistake of seventy-five dollars in the confession of the judgment aforesaid, and the defendant's promise to pay the same, and asked the court to say to the jury that upon this state of facts the plaintiff was entitled to recover; that a moral consideration is sufficient to support a promise in cases where there was originally a sufficient valuable consideration upon which an action could have been sustained, notwithstanding some positive rule of law might exempt the party from liability.

The court refused such instruction, and at the instance of defendant told the jury in substance that a mistake in the confession of the judgment spoken of was no sufficient consideration in law, to support a promise to pay the amount of the mistake; that such mistake could only be rectified by appeal to the Supreme Court, or motion to the court render-

Campbell v. Leonard.

ing the judgment, or by proceeding in equity; and that if the jury should find from the evidence that a judgment had been rendered in the District Court upon a note which constituted any part of the claim or promise sued upon, they should find for the defendant.

The jury in their retirement gave a verdict for plaintiff directly against the instructions of the court, which, upon motion was set aside, and a new trial granted. From this ruling of the court the appeal comes.

*James M. Ellwood* for the appellant.

*Cole & Jewett* for the appellee.

LOWE, C. J.—Whatever may be our view of the law of this case, it is impossible for us to express it, or consider the questions presented, without going behind the action of the jury in trampling upon the authority of the court, and thereby giving some countenance to their assumption. This we are unwilling to do even by the slightest implication.

It is no more competent for the jury to usurp the powers of the court, than it is for the court to interfere with their province in the ascertainment of facts. And when the jury, in this case, arrogated to themselves the right to determine the law in direct opposition to the instructions given them by the court, they were guilty of a flagrant abuse of their duties and obligations; and we will not review this case until it is tried upon the law as it shall be expounded by the court and not by the jury.

Affirmed.