## TAYLOR v. COOK *et al.*

1. BANK NOTES. In an action on bills issued by a banking firm to circulate as money, by a holder thereof against such firm, evidence showing that the holder purchased the bills at a discount is inadmissible.

2. JURY: INSTRUCTIONS. It is the duty of a jury to take the law as given in the instructions of the Court. (*Savery* v. *Busick*, 11 Iowa, 487.)

3. LIABILITY OF BANKERS. When several banking firms united to establish a bank of issue, the notes of which were sent to the said several stockholders for circulation, and were placed in circulation without any designations showing where they were so issued; and said firms published a card signed by each one of them, announcing that they were individually responsible for its issues, that its bills would be redeemed in coin at the

bank of issue, and in eastern exchange and in coin at certain rates named at their several banking houses, it was held: 1. That each or all of said firms were liable for a failure to redeem any of said bills by either. 2. That an action could be maintained against all after a demand upon and refusal by either one to redeem. 3. That a presentation to one co-partner in one of said firms was sufficient after the firm, by closing its doors, had rendered it impossible to present bills at their counter.

*Appeal from Scott District Court.*

WEDNESDAY, APRIL 8.

THE facts are stated in the opinion of the Court:

*Cook & Drury* for the appellants.

*S. E. Brown* for the appellee.

LOWE, J.—Action upon certain bills purporting to have been issued by the Bank of Florence in Nebraska Territory, caused to be circulated as money in Iowa, and which it is charged the defendants failed to redeem at their banking houses, agreeably to their undertaking with the public. Verdict and judgment for plaintiff; and three of the defendants, Downey, Ira Cook and Parker, appeal, claiming:

I. That the Court erred in excluding testimony offered by the defense, tending to show that the plaintiff had purchased said bills at a discount. This ruling of the Court was right.

II. That the Court erred in overruling the motion for a new trial, which was founded upon the alleged ground that the verdict was against evidence, law, and the instructions of the Court on the one hand, and upon the other, that the instructions themselves were erroneous. This last point is abandoned in argument; and it is chiefly insisted that the verdict of the jury is wholly incompatible with the instructions of the Court.

It seems that after the several banking houses of the defendants had suspended and closed their doors, the bills in

question were presented for redemption to John P. Cook, at Davenport, who was a member and partner of the Banking house of Cook & Sargent, of Davenport; also of the house of Cook, Sargent & Cook, of Des Moines; also, of the house of Cook, Sargent & Downey, of Iowa city; also of the house of Cook, Sargent & Parker of Florence, Nebraska.

At the time of the presentation to, and refusal by, John P. Cook, to redeem said bills, the banking house of Cook & Sargent at Davenport, was closed, and inaccessible to the public for business. In connection with these facts the plaintiff offered in evidence the following card:

"BANK OF FLORENCE, FLORENCE, NEBRASKA.
" *George B. Sargent*, Pres't, *J. M. Parker*, Cash.
" The undersigned proprietors of the Bank of Florence, Nebraska, are, by the provisions of its charter, individually responsible for all its issues, and will redeem the notes of said institution, at its counter in the city of Florence, in coin, and at either of their banking houses, in eastern exchange at one per cent, or in specie at the same rates as other currency.

COOK & SARGENT, Davenport, Iowa.
COOK, SARGENT & COOK, Fort Des Moines, Iowa.
COOK, SARGENT & DOWNEY, Iowa City, Iowa.
COOK, SARGENT & PARKER, Florence, Nebraska."
"July 7, 1856."

This card was kept as a standing advertisement in the Davenport papers, from July, 1856, until sometime in the year 1859. The Court in its charge to the jury gave, in its effect, the following construction to this card: that a presentation of the issues of the Bank of Florence, for redemption to the banking house of Cook & Sargent in Davenport, or to one of the members thereof, was not sufficient to fix a liability, in case of a refusal to redeem, upon the members constituting the banking houses at Iowa City, Fort Des Moines, and Florence in Nebraska, without more,

that is to say (as we understand it), without a separate demand upon each house, if all were intended to be made or held responsible. This is not our interpretation of the true import of the card. Nevertheless, it was the duty of the jury to accept the one given them by the court, right or wrong, for reasons which we have heretofore stated in the case of *Savery* v. *Busick*, 11 Iowa, 487. As there was but one demand made and that upon the house at Davenport, it is claimed by the appellants that the verdict of the jury against the defendants of the other houses, was inconsistent with the explanation given by the court of the legal meaning of said card, and therefore the application for a new trial on that ground should have been sustained. But it seems that the court below did not think that the verdict of the jury was necessarily against its instruction, otherwise the probability is, it would not have overruled the motion. But the jury in determining the liability of the defendants, were not shut up to the terms of the card as construed by the court. There were other facts brought out in the testimony tending to establish the liability of all the defendants. Hence we find the court in the conclusion of its charge using the following guarded and qualifying language:

"It follows that if the *only* liability, for example, of Cook, Sargent & Parker, or of J. M. Parker *is* upon said card above alluded to, then the said Parker would not be liable in this action if there is no evidence that the bills were presented to the banking house of Cook, Sargent & Parker. The act of the partners of said Parker, in publishing said card, would bind him if it were within the scope of the business of the firm."

Again, "it follows that you can find against part or all of the defendants as you shall believe to be your duty under the law and the evidence."

Now what were some of the other facts in the case as they appear in the testimony reported.

1. That whilst these several banking houses may have been separate institutions in some business operations peculiar to each, yet that in their capacity of partnership they become each a member of a new firm whose business was to establish and carry on a bank of issue, in contradistinction to banks simply of discount and exchange, located at Florence, in Nebraska Territory. These several banking houses were the stockholders and sole proprietors of this new bank of issue, and whilst the bills purport to have been issued by the Bank of Florence, they were sent indiscriminately to these stockholders being themselves banking associations, located at Des Moines, Iowa City and Davenport, to be circulated, which they did without any designation on the bills indicating where or by whom the same were thus put in circulation. There was nothing upon the face of these bills limiting the holders thereof to the presentation of the same to any specified house for their redemption.

2. The testimony shows, that these banking associations were in the habit of transacting, each for the others, the business common to all in their several localities. These things considered in connection with the facts that the defendants had themselves put it out of the power of the public to present for redemption the bills at their counters, by closing their doors, and that John P. Cook, of whom the demand was made, was a partner in each one of the banking operations that made up the stockholders of the Florence Bank, we do not see, if a demand was necessary at all (which it is not needful for us now to decide), why the one made upon Cook, under the circumstances, should not be sufficient to hold the defendants liable. There are other phases of this case to which we might allude, was it deemed necessary, tending to bring us to the conclusion

that the court, in overruling the motion for a new trial, did not so clearly abuse its discretion, as that we should interfere with its ruling. The judgment will therefore be

Affirmed.