OSWALD v. THEDINGA *et al.*

1. **Municipal corporation: JUDGMENT.** A judgment creditor of a corporation may elect, but is not compelled, to take in payment of his debt scrip or the ordinary evidence of indebtedness issued by such corporation.

2. —— **DEMAND.** A demand of the mayor and members of the council of ·a municipal corporation, by a judgment creditor thereof, to levy a tax for the payment of his judgment, and also to issue the scrip of the corporation in payment thereof, are not essential to the right of the creditor to maintain an action against such officers as individuals. Such an action may be maintained after a demand to levy a tax within the authority of the council and a refusal to comply with such demand.

3. —— **PAYMENT OF JUDGMENT.** When a judgment against a municipal corporation can be paid in no other manner, it is the duty of the corporate authorities to levy a special tax sufficient to discharge the same, if within the limit of their power to levy taxes.

*Appeal from Dubuque District Court.*

MONDAY, JUNE 27.

THE petition shows that plaintiff recovered judgment against the city of Dubuque on the 2d of December, 1862, for about $1,850; that execution issued thereon, and payment thereof was demanded of the treasurer of the city, which was refused, and that said writ was returned by the sheriff, "no property found." It also appears that said Thedinga is the mayor, and the other defendants are the members of the city council of said city; and that in September, 1863, after the return of said execution, plaintiff presented his written petition to said mayor and council, praying them "to levy a special tax to provide for the payment of the money due petitioner, but they wholly neglected and refused to levy the same."

This action is brought against them as individuals, to make them personally liable for said judgment in consequence of such refusal. A demurrer was interposed to the petition which was sustained, and plaintiff appeals.

Oswald v. Thedinga.

*B. W. Poor* for the appellants.

*J. H. Shields* for the appellee.

WRIGHT, Ch. J.—Sections 3267 to 3292, inclusive, of the Revision, direct the mode of levying executions, and the duty of the officer under the writ. In referring to executions against the State, or any county or other civil corporation, it is declared that " if no property is found on which to levy, or if the judgment creditor elect not to issue execution against such corporation, he is entitled to the amount of his judgment and costs, in the ordinary evidences of indebtedness issued by that corporation. And, if the debtor corporation issues no scrip or evidences of debt, a tax must be levied as early as practicable sufficient to pay off the judgment with interest and costs. (§ 3275.) Then the next section provides that " a failure on the part of the officers of the corporation to comply with the requirements of the last section, renders them personally responsible for the debt."

It was held in *The State of Iowa, ex. rel. Clark, Dodge & Co.*, v. *The City of Davenport*, 12 Iowa, 335, that while the judgment creditor might elect to do so, he was not compelled to take in payment of his debt the scrip or ordinary evidences of indebtedness of the city. Appellant does not controvert the correctness of this ruling, but concedes that the creditor is entitled to his money or a special tax to pay his debt, should he demand it, unless the officers of the corporation have some legal excuse for not complying. But it is insisted that unless defendants refused, not only to levy the special tax, but also to "issue the ordinary evidences of indebtedness issued by the corporation," they are not liable. In other words, it is claimed that plaintiff should have demanded the issue of such scrip, as well as the levy of the tax, before he could make defendants personally liable for his debt. But why, in order to

maintain this action, he should demand that which he was not bound to take, we cannot understand.  Suppose he had made the demand and the scrip had been tendered, would he have been compelled to take it?  Appellant concedes that he would not.  Then why compel him to demand something which he was under no legal obligation to accept?  The proper construction is, that if it is a case where the creditor is bound to take such scrip there must be a demand and refusal before the personal liability arises.  If not bound to accept it, then a demand and refusal of a special tax has the same effect.  And, thus construed, we can understand the propriety of using the word "requirements" (is the phrase) in the last section quoted.  For to require *both* demands to be made before defendants would be liable, would render the two sections, under the views above expressed, inconsistent, affording in effect no remedy to the creditor.

This debt is not held in its original form.  Plaintiff has his judgment, and the law makes it the duty of the corporation, as early as practicable, to levy and collect a tax for its payment.  And this duty arises whether a special agreement to that effect existed, or not.  There is nothing in the case in 12 Iowa, *supra*, nor in that of *The United States, ex rel. Learned*, v. *City of Burlington*, 2 Law Reg., 394, followed in 14 Iowa, 494, in conflict with this view.  To sustain this construction, see *Coy* v. *The City Council of the City of Lyons, supra.*

3. —— Payment of judgment.

Of course, if defendants had a legal excuse for refusing to levy the tax, as that the taxing power had been fully exhausted before the demand was made, or the like, there would be no personal responsibility.  Such defense may arise in the answer, and in holding that the demurrer to the petition was improperly sustained, we by no means pass upon any question that may be involved in the excuse to be thus shown.                    Reversed.