## PORTER v. THOMSON *et al.*

1. **Instructions:** DISREGARD OF: NEW TRIAL. Where a new trial has been granted on the ground that the jury disregarded the instructions, the Supreme Court will not review the instructions, but affirm the ruling of the court below.

2. **Constitutional law:** TITLES OF ACTS. Sections 3275 and 3276 of chapter 125, entitled "*Executions*," of the act entitled "The Code of Civil Practice," Revision of 1860, relate to matters properly connected with said act, and embraced in its title, and are not inconsistent with section 29, article 3, of the new Constitution.

3. —— SPECIAL LAWS. Nor are said sections open to the objection of being "special laws," within the meaning of section 30, article 3, of the new Constitution.

4. **Corporation municipal:** JUDGMENT CREDITOR. A judgment creditor of a municipal corporation is not compelled to take scrip in payment of his judgment. Following and approving *Oswald* v. *Thedinga* (17 Iowa, 13).

5. —— LIABILITY OF OFFICERS. After demand upon and refusal by the officers of the corporation to levy a tax, if within their power, to raise funds for the payment of such judgment, they are individually liable therefor, following *Oswald* v. *Thedinga* (Id., 13).

6. —— WHEN OFFICERS MUST LEVY TAX. If the taxing power was exhausted for the year when such demand was made, no liability would arise from the failure then to levy; but the failure to make the levy for the succeeding year, if there was no legal impediment, would make the officers liable without a new demand being made upon them therefor.

7. —— CURRENT EXPENSES: ABSORPTION OF LEVY. Should the current expenses of the corporation be so large as to absorb the whole amount of taxes which the officers are allowed by law to levy, they would not be liable for a refusal to make a further levy; nor for a failure to set apart a portion of that levied, in payment of the judgment.

8. —— CONSTITUTIONAL LAW. The liability of the officers of the corporation for failure to make the levy, provided by section 3276, Revision of 1860, if legally practicable, is not an "excessive fine" nor "unusual punishment" within the meaning of section 17, article 1, of the new Constitution, nor inconsistent therewith.

9. —— LIABILITY OF MAYOR. The mayor of a city, who is the presiding officer of the council, and has the casting vote in case of a tie, would be liable in common with the other officers of the corporation having a voice therein, for failure to make such levy.

*Appeal from Dubuque District Court.*

WEDNESDAY, JUNE 19.

THIS action is brought under sections 3275, 3276, of the Revision, charging the defendants, who compose the city council of the city of Dubuque, with the failure to levy a special tax to pay a judgment in plaintiff's favor, after being duly requested, etc. Verdict for plaintiff. Motion for a new trial sustained, and the plaintiff appeals.

*B. W. Poor* for the appellant.

*Bissell, Shiras & Ballou* for the appellees.

WRIGHT, J. — The new trial was asked, and given, because the jury disregarded the instructions and the 1. INSTRUC-TIONS: disregard of: new trial. evidence, and because the verdict was contrary to both. Many and very important questions are discussed by counsel, important not only to the parties to this controversy, but in their bearing upon the rights of all judgment creditors of municipal corporations. For the following reasons, we propose to do no more than to state some general views bearing upon the questions involved.

I. In the first place, one member of the court (Mr. Justice COLE) was not present at the argument; and it is always desirable, in a court of last resort, and in a case so important, to have the benefit of a full bench. In the second place, and principally, the new trial was granted, among other grounds, because the jury disregarded the instructions; and it would be inconsistent with all our former rulings, to review the case until tried upon the law as expounded by the court, instead of by the jury. The decisions to this effect are uniform. *Savery* v. *Busick*, 11 Iowa, 487; *Caffrey* v. *Groom*, 10 Id., 548; *Jewett* v. *Smart*, 11 Id., 505; *Taylor* v. *Cook*, 14 Id., 501; *Briggs*

Porter v. Thomson.

v. *Sawyer*, 10 Id., 63. We feel bound, therefore, to affirm the judgment and remand the case for a second trial, when the points made can be more distinctly presented than seems to have been done on the trial. For, we may be allowed to say, the instructions were very general, and there is nothing affirmatively showing that many, if any, of the specific points made before us, were brought to the attention of the court below.

Upon some of the questions suggested in argument, we feel quite clear, and therefore pass upon them. As to others we might not be united, and therefore pass them until presented, if this shall be found necessary, to a full court.

II. Appellees suggest that the statute in question is in conflict with section 29, article 3 of the present, and section 26, article 3 of the old Constitution. The argument is, that these sections of the statute are found in an act entitled, " The Code of Civil Practice," and in the particular subdivision entitled " Executions ;" that they have nothing to do with civil practice nor with executions, that they are not therefore embraced in the title, nor is the matter thereof connected with the object or subject of the act itself. Upon this subject we have no difficulty. Chapter 125, of which these sections form a part, relates to executions; the manner of issuing the same, their levy, the stay, sales thereunder, and the appraisement of property taken under the writ. And that this is a legitimate part of a code of civil procedure, no one can for a moment doubt. The preceding section (3274) declares what property of a city or other civil corporation is exempt from execution. The next, points out the duty of the officers in meeting and finding means for the payment of judgments recovered against the corporation ; and the next, declares the consequences to them personally, for a failure to comply with the requirements

2. CONSTITU-
TIONAL LAW:
titles of acts.

of the law. If this is not in the strictest, fullest sense "matter properly connected" with the subject of the enactment and with the subject expressed in the title; if it is not a legitimate part of the "one subject" embraced therein, then the evils resulting would be infinitely greater than those sought to be remedied. This subject is discussed at length, and the meaning and purpose of the constitutional provision in question stated in the following cases, and to them we refer, without extending the argument. *Santo* v. *State*, 2 Iowa, 209; *Weir* v. *County Judge*, Id., 280; *Morford* v. *Unger*, 8 Id., 82; *Whiting* v. *City of Mt. Pleasant*, 11 Id., 482; *Dunscomb* v. *Prindle*, 12 Id., 1.

III. These sections are a part of the Revision, passed in 1860—do not pretend to be, nor are they, in any just sense, amendments to the charter of any city, and are therefore not in conflict with section thirty, article three, of the Constitution. They neither incorporate a city or town, nor do they amend any act, creating a municipal corporation. They merely point out a remedy for enforcing judgments when recovered against such corporations. As well might it be claimed that the legislature could not declare the remedy against a road supervisor, a road district, a county or a township, for a failure to keep roads in repair, because the Constitution, in the same section, declares that no special laws shall be passed for laying out, opening or working highways. Nor is this a special law within the meaning of the Constitution. If the sections in question related alone to the city of Dubuque, there might be some force in the objections.

*3. —— special laws.*

IV. It was held, in *Oswald* v. *Thedinga et al.* (17 Iowa, 13), that the creditor was not compelled to take scrip in payment of his judgment.

*4. CORPORATION MUNICIPAL: judgment creditor.*

And further, that the officers were individually liable, after a demand to levy the taxes, if within their power under the law, and a refusal to comply with such demand. With this view of the statute, we are still content.

<span style="float:left">5. —— liability of officers.</span>

Of course, as there suggested, if the taxing power was at that time or for that year exhausted, there would be no liability for the failure. For the statute must be construed in connection with the taxing power of the corporation. It was not intended that a special levy should be made, which, with prior or existing levies, would exceed the maximum rate or percentage fixed in the charter. But while the demand may have been for a levy forthwith (and the law is that the levy shall be made as early as practicable), a failure to make the proper levy for the succeeding year, if there was no legal impediment, would make the officers liable, without any new demand. That is to say, after demand the duty was a continuous one, and, if not then practicable, the levy ought to have been made as soon as the law would allow, or as early as legally practicable. And, in the performance of this duty, the officers are not to neglect the equally imperative duty of providing means to pay the necessary current expenses of the corporation.

<span style="float:left">6. —— when officers must levy tax.</span>

And should these expenses absorb the whole taxes which the officers are allowed by law to levy, they would not be bound to comply with the demand. That is to say, if the actual necessary expenses of running the city government required a levy of one per cent (the maximum rate allowed) there would be no liabilty for refusing to levy more, nor for a failure to set apart a portion of such levy in payment of the judgment. For the corporation must have the means requisite to its life. And yet the officers, under the pretense of providing for " current expenses," must not cover

<span style="float:left">7. —— current expenses: absorption of levy.</span>

up funds not necessary for that purpose, and which should be applied to the payment of the creditors of the corporation. They must act in good faith. The rights of individuals, as well as the credit of corporations represented by them, and the law, demand this.

V. If these officers discharged their duty under the law, they are not liable. If they did not they are. The 8. —— consti- law points out the duty. When applied to, tutional law. they must levy the tax, unless there is some legal ground justifying the refusal. If they do use the means given them by law, there is, of course, no liability. If they do not, it is a misuse of terms to say that they are made liable for " an honest failure to perform an official duty." When entering upon their duties, they assume the responsibilities attaching to their positions. They become public agents, and must necessarily, in many cases, at their peril, act upon subjects affecting the interests of individuals and the public. They may mistake the law, and honestly so ; but such mistakes no more protect them from liability than if they were not acting in an official capacity. Individuals cannot claim protection upon this ground, and no more should those in public station. The sum recoverable for this failure is not a fine, a punishment — a punishment excessive, within the meaning of section 17, article 1 of the Constitution ; but the damages which the law adjudges to the individual as the consequence of a failure to discharge an official duty. We do not stop to inquire whether all would be liable if some were in favor of the levy ; no such question is made in this record.

But the mayor, as he is, by the charter, presiding officer of the council, and has at least the casting vote in case of 9. —— liability a tie, would be equally liable with the aldermen of mayor. or councilmen. That is to say, the duty to make the levy is one devolving upon him in common

with the other officers of the corporation having a voice therein. He is not, therefore, exempted from liability by reason of his position.

As already suggested, other questions are made, upon which, at present, for the reasons before stated, we intimate no opinion. Thus, whether a judgment creditor would be entitled to this remedy if the officers made a levy of all that the charter allowed, to pay debts, after providing for the current expenses and for roads, without making it for the specific purpose of paying the judgment in question ; whether plaintiff, by her demand, was entitled to priority of payment over other judgment creditors, and whether, if a sufficient levy was made, there would be liability for a failure to *appropri te* the tax after or upon its collection. These questions (and there may still be others which do not now occur to us), somewhat novel, and especially so in view of this peculiar statute, we leave open for rediscussion and further consideration, should they arise upon a second appeal.

Affirmed.