OF THE

## STATE OF IOWA

AT

DES MOINES, SEPTEMBER, 1910, AND
JANUARY, 1911, TERMS.

AND IN THE SIXTY-FOURTH YEAR OF THE STATE.

---

THE MARTIN-STRELAU CO. v. CITY OF DUBUQUE, Appellant.

Municipal corporations: MAINTENANCE OF WATERWORKS: LEVY OF TAXES: RECOVERY UPON IMPLIED CONTRACT FOR SUPPLIES. The statutes relating to the management of waterworks in cities of the first class, the fixing of rentals, the levy of taxes and control of funds for their maintenance, confer upon the board of trustees power to determine the amount of a tax levy for the expense of operating the works and it then becomes the duty of the council to make the levy within the amount fixed by the trustee. And one furnishing supplies for operation of the works may rely upon the authority given the board of trustees to purchase the same, and upon the duty of the council to levy the tax to pay therefor, and upon failure of the council to make the levy he may recover for damages therefor as upon an implied promise to pay, and this right is not affected by the amount of the general indebtedness of the city, the cost of supplies being a current expense to be provided for by special tax levy.

VOL. 149 IA.—1.

*Appeal from Dubuque District Court.*—HON. ROBERT BONSON, Judge.

TUESDAY, OCTOBER 25, 1910.

THE opinion states the case.—*Affirmed.*

*Geo. T. Lyon* and *E. H. Willging,* for appellant.

*Hurd, Lenehan & Kiesel,* for appellee.

SHERWIN, J.—The city of Dubuque owns a system of waterworks that is operated and managed by a board of trustees as provided by section 747a, Code Supp. 1907. The plaintiff furnished the trustees a large amount of coal which was used in the operation of the plant. The city council did not levy any tax for the use of the trustees in running the works. The water rates were not sufficient to meet the operating expenses, and, when the coal in question was furnished, the trustees issued to the plaintiff warrants for the amount due for said coal. The plaintiff demanded that the city council levy a special tax in accordance with the provisions of paragraph 7 of section 1005 of the Code for the payment of said warrants. The council refused to make the levy, and this action was brought to recover damages for such refusal. The case was tried to the court, and a judgment was rendered for the plaintiff for the amount of its claim. A motion striking at parts of the defendant's answer and a demurrer to other parts thereof were sustained, and upon these rulings error is assigned.

The appellant contends that the board of trustees had no right or authority to incur any indebtedness beyond the amount received by it from the rates, and that the city council was not bound to levy any part of the five-mill tax provided for by the statute for the operating expenses of the water plant, and that the indebtedness in-

curred by the board of trustees was therefore illegal and void. Chapter 5 of title 5 of the Code (sections 742-750) authorized the appellant to own and operate waterworks, and section 747a, Code Supp. 1907, provides that such waterworks shall be managed and operated by a board of trustees. Section 748 of the Supplement also gives to the board of trustees absolute control of the application and disbursement of all money belonging to the waterworks fund; and section 749 of the Code provides "that said board of waterworks trustees shall, from time to time, fix the water rentals or rates to be charged for the furnishing of water, and such rates shall be sufficient, together with the proceeds of the five-mill water levy and the sinking fund levy of two mills, for the maintenance and operation of such works, the proper and necessary extension thereof, for all repairs," etc. Paragraph 7 of section 1005 of the Code provides as follows so far as material here: The city shall have the power to levy "a tax not exceeding five mills on the dollar, which with the rates, rents, or revenues derived therefrom, shall be sufficient to pay the expenses of running, operating and repairing water and gas works . . . owned and operated by said city. . . . " Section 749 gives the board of trustees absolute power to fix the water rates, and places no limitation on said power, except that the rates shall be sufficient, together with the proceeds of a five-mill levy, to meet the cost of operation, maintenance, etc. It will be remembered that section 747a places the waterworks under the exclusive management and control of the board of trustees, and this power, coupled with the power to fix the rates, can not in our judgment be limited or controlled by the city council by its refusal to make a levy within the provisions of paragraph 7 of section 1005. In other words, the board of trustees may fix the rates on the basis of a five-mill levy, and it is then the duty of the

I. MUNICIPAL CORPORATIONS: maintenance of waterworks: levy of taxes: recovery upon implied contract for supplies.

city council to make a levy in accordance with the provisions of paragraph 7 of section 1005. In our judgment the Legislature intended to give the board of trustees the power to determine what, if any, levy would be necessary, and gave the council power to make such levy within the limitation named. This construction seems to us to carry out the manifest purpose of the law without taking away any part of the power given to the board, while, if the appellant's contention be sustained, the city council may or may not make a levy, and the board of trustees is bound to arrange its expenditures to conform to the action of the council. This might virtually place the management and operation of the works in the hands of the council, and thus take it away from the board, a thing which the Legislature said should not be done. If we are right in our construction of these several statutes, then it follows that the board of trustees had the right to buy, relying upon the provisions made in section 1005, and it was the duty of the council to provide funds for payment by a levy thereunder. *Porter v. Thomson,* 22 Iowa, 391; *Waterworks v. Creston,* 101 Iowa, 687; *Marion Water Co. v. Marion,* 121 Iowa, 306. The plaintiff had the right to rely upon the authority given to the board of trustees and the council by the statute, and we think it clear that there was an implied promise to pay for the coal from a fund created by a levy for that special purpose. It was a current expense that was provided for by authority to make a special levy, and we see no escape from the conclusion that a failure to make such levy upon demand created a liability on the part of the ctiy which can not be affected by the amount of its general indebtedness. *Ft. Dodge E. L. & P. Co. v. Ft. Dodge,* 115 Iowa, 568; *Pipe & Tile Co. v. Callanan,* 125 Iowa, 358.

The appellant seeks to avoid the application of the rule in this case by alleging that the claim in dispute was not payable out of current revenues, or limited to and

payable out of a special levy which the city was bound to make. This action is not based on the warrants issued by the board of trustees, but, if it were, it would still be competent to show that they were given for current expenses and payable from a special fund. In view of our conclusions, it is unnecessary to refer to other questions argued by counsel. The judgment of the district court is *affirmed.*