STATE OF IOWA, Appellee, v. FRANK RENDER, Appellant.

**PROSTITUTION:** Elements—''Solicitation'' Defined.   ''Solicitation,''
1   within the meaning of the statute which prohibits solicitation for purpose of prostitution (Sec. 13174, Code of 1924), requires no particular form of words.   Acts and conduct may constitute such solicitation.

**INDICTMENT AND INFORMATION:** Amendment—Name of Person.
2   An indictment which charges solicitation ''to have carnal knowledge with one June Mills'' may be amended during the trial by substituting the name of a different female in lieu of the one charged.

Headnote 1:   32 Cyc. p. 732.   Headnote 2:   31 C. J. p. 831 (Anno.)

Headnote 1:   8 R. C. L. 322.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

NOVEMBER 23, 1926.

REHEARING DENIED MARCH 11, 1927.

The defendant is charged with the crime of soliciting another for purposes of prostitution. He was convicted, and appeals.—*Affirmed.*

*John L. Sloane,* for appellant.

*Ben Gibson,* Attorney-general, and *Earl F. Wisdom,* Assistant Attorney-general, for appellee.

FAVILLE, J.—The indictment in this action was brought under Section 13174 of the Code of 1924, which is as follows:

"Any person who shall ask, request, or solicit another to have carnal knowledge with any male or female for a consideration or otherwise, shall be punished by imprisonment in the penitentiary not exceeding five years, or imprisonment in the county jail not exceeding one year, or by a fine not exceeding one thousand dollars, or both such fine and jail imprisonment."

I. The sufficiency of the evidence to support the indictment is challenged by the appellant. The evidence tends to show that one Smith met the appellant on the day in question on a

1. PROSTITUTION: elements: "solicitation" defined.

street in the city of Des Moines. They had some conversation of an irrelevant nature, and parted. Shortly thereafter, they met again. The witness Smith testified that he asked the appellant if he knew of any women, and appellant said he knew a lot of them; that the parties then talked a little bit, and appellant said to the witness, "Let's walk up the street." On cross-examination, he said that the appellant said to him, "Come on up." The evidence discloses that thereafter the witness, together with two other men, followed the lead of the appellant up the street, and across it, and then into an alley, and through another building, to a house; that appellant directed where the parties should go, and when they arrived at the house, appellant knocked at the door, and led the parties into the room, and informed the woman in the room that he "had fetched the whole gang." Another witness that was present testified that the appellant said, "Come on, let's take a walk," and that he led the way to the house in question, and "said something about getting the whole gang of us." The evidence was sufficient to carry the case to

the jury upon the question of whether or not the defendant was guilty of the crime charged. Webster defines the word "solicit," among other definitions, to mean:

"To endeavor to obtain by asking or pleading; to awake or excite to action; to rouse desire in; to summon; to appeal to; to invite; allure."

The offense charged in this indictment was not known at common law.

"The term 'solicitation of chastity,' as it is generally used in criminal law, means the asking or urging of another to commit an act of unlawful sexual intercourse." 25 Am. & Eng. Encyc. of Law (2d Ed.) 1152.

The purpose of this statute was to punish acts of the kind involved in the transaction in the instant case. The crime in question is, of necessity, of a secret, obscure, and hidden character, and proof of its commission is not easily obtained. A solicitation which may bring the act within the terms of the statute need not be in any particular form of words, and it may well be that solicitation, within the meaning of the statute, can be accomplished by gesture and other indication quite as effectively as by the use of any set or particular formula of language. The object and purpose of the witness in the inquiry he made of the appellant in regard to women were fully made known to and understood by the appellant. The appellant said to the witness and those with him, "Let's walk up the street," or "Come on up;" and then, by devious ways, led them to such a place as they sought, and entered the room without any challenge or conversation at the door, and immediately informed the woman there present that he "had fetched the whole gang." The evidence in the case was sufficient to take to the jury the question of whether or not the appellant was guilty of the crime charged in the indictment. As bearing upon the question herein discussed, see *Denman v. State*, 77 Tex. Cr. 395 (179 S. W. 120); *State v. Avery*, 7 Conn. 266.

II. The indictment as originally drawn charged the defendant with having solicited one George Smith "to have carnal knowledge with one June Mills." During the trial it developed

that the name of the woman involved in the
2. INDICTMENT
AND INFORMA-    transaction was Mrs. Hildreth, instead of June
TION: amend-
ment: name of  Mills, although it appears that June Mills was
person.
present at the house in question. When it de-
veloped upon said trial that the name of the particular woman
involved was Mrs. Hildreth, the county attorney made applica-
tion to the court for authority to amend the indictment by sub-
stituting the name of Mrs. Hildreth, in lieu of the name of June
Mills, where the same appeared in the indictment, to conform
to the evidence. The only objection interposed appears to have
been the statement: ''Defense resists.'' The application to
amend the indictment was granted, and the defendant excepted.
The application to amend the indictment was made under Sec-
tion 13744, Code of 1924, which is as follows:

''The court may, on motion of the State, and before or dur-
ing the trial, order the indictment so amended as to correct er-
rors or omissions:

''1. In matters of form, or

''2. In the name of any person, or

''3. In the description of any person or thing, or

''4. In the ownership of property.''

Code Section 13747 is as follows:

''Such amendment shall not prejudice the substantial rights
of the defendant, or charge him with a different crime or differ-
ent degree of crime from that charged in the original indictment
returned by the grand jury.''

The amendment was clearly within the express terms of the
statute. Whether it was necessary, in the first instance, to al-
lege in the indictment the name of any woman, is unnecessary
for us to determine. See, however, *People v. Johnson*, 104 N. Y.
213. The statute expressly provides for an amendment during
the trial of the case to correct error ''in the name of any person.''
It appears that the house to which the parties were taken by the
appellant was known, and it was referred to in the testimony, as
''the June Mills place.'' The place was raided by police officers
very shortly after the parties arrived there, and the woman June
Mills was in said place; but the particular woman involved in the
illicit relations with the witness Smith was disclosed by the
testimony to be a woman named Mrs. Hildreth. It was clearly
within the express provisions of the statute to permit an amend-

ment to be made during the trial to conform to the facts and to correct the name of a person. That such an amendment is proper, under the circumstances disclosed in this case, and is within the contemplation of the statute, see *State v. Mullen,* 151 Iowa 392; *State v. Kiefer,* 172 Iowa 306; *State v. Luce,* 194 Iowa 1306; *State v. Crisinger,* 197 Iowa 613; *State v. Brundage,* 200 Iowa 1394. See, also, *State v. Tolla,* 72 N. J. Law 515.

III. Error is predicated upon the admission in evidence of the testimony of the witnesses McGinn, Cavender, and Alexander, the objection now urged being that the testimony was immaterial. There was no error at this point. The greater portion of the testimony was received without objection, and the court did not err in overruling the objections that were made. The evidence complained of all bore properly upon the facts and circumstances involved in the charge contained in the indictment, and the objection lodged was not well taken.

IV. Appellant complains of the giving of Instruction No. 5 by the trial court and the refusal to give instructions requested by the appellant. The subject-matter of the requested instructions, so far as they were correct statements of the law, was embodied in the instructions that were given. The instruction complained of was a correct statement of the law, and we find no error therein.

We find no error in the record in any of the matters urged on appeal. The judgment of the district court must therefore be, and the same is,—*Affirmed.*

DE GRAFF, C. J., and STEVENS and VERMILION, JJ., concur.