STATE OF IOWA, Appellee, v. MELVIN OGE, Appellant.

No. 44871.

FEBRUARY 6, 1940.

Fred D. Everett, Attorney General, Jens Grothe, Assistant Attorney General, and Harold F. McLeran, County Attorney, for appellee.

Ben A. Galer, for appellant.

BLISS, J.— This appeal comes to the court on a clerk's transcript and printed briefs and arguments. It appears from this record that an unsigned letter was received by a married lady asking her to attend an initiation ceremony at the Christian Church of New London, Iowa. She ascertained that there was to be no social function at the church at the time designated in the letter. She gave the letter to her husband, who with the sheriff and other peace officers hid themselves about the church, while she went to the church door. Soon the defendant appeared but hurriedly left. On being apprehended he admitted writing the letter, and confessed that he sent it for the purpose of soliciting carnal knowledge with the recipient. We have the letter before us. In it he simply asked the lady to come to the church for the initiation exercises. He did not ask her therein for sexual intercourse, or intimate in any way that such was his desire or purpose in asking her to come. We have also his written confession. In it he states: "I sent this letter to her for the purpose of soliciting her to have carnal knowledge." It is thus clearly apparent that he never did, in fact, ask her to have carnal relations with him, and the offense charged in the indictment or provided against in section 13174, Iowa Code of 1935, was never committed. It

is the duty of the court under section 14010, Iowa Code, 1935, to examine the record in an appeal of this kind, and to render such judgment on the record as the law demands. But since the indictment expressly stated that he requested that she have carnal knowledge with him, and by his demurrer thereto he admitted its allegations, we will determine the case upon the ruling on the demurrer. It will be noted that the carnal knowledge was to be with the solicitor and not with a third person.

The defendant demurred to the indictment on three grounds: First, that it did not conform substantially to the requirements of the Code; second, that it did not charge the defendant with the crime set out in said Code section 13174, which is as follows:

"Soliciting. Any person who shall ask, request, or solicit another to have carnal knowledge with any male or female for a consideration or otherwise, shall be punished by imprisonment in the penitentiary not exceeding five years, or imprisonment in the county jail not exceeding one year, or by a fine not exceeding one thousand dollars, or both such fine and jail imprisonment."

This legislation first appeared as chapter 165, of the Laws of the Thirty-first General Assembly, approved April 5, 1906, in words and figures following:

"SOLICITING ANOTHER TO HAVE CARNAL
KNOWLEDGE WITH ANY FEMALE.
"H. F. 100.

"AN ACT punishing any person who shall ask, request, or solicit another to have carnal knowledge with any female, for a consideration or otherwise. (Additional to chapter nine (9) of title twenty four (XXIV) of the code, relating to offenses against chastity, morality and decency.)

"Section 1. Penalty. That any person who shall ask, request, or solicit another to have carnal knowledge with any female for a consideration or otherwise, shall be punished by imprisonment in the penitentiary not exceeding five years, or imprisonment in the county jail not exceeding one year, or by a fine not exceeding one thousand dollars, or both such fine and jail imprisonment."

It will be observed that the body of section 1 of the above enactment is identical with the body of section 13174 of the 1935 Code of Iowa, except that the words "male or" are missing between the two words "any" and "female", in the third line of the section.

It will also be observed that the act with which the defendant herein is charged would not have been a crime under the provisions of that enactment.

This enactment appeared in the 1907 Supplement to the Code of Iowa, as section 4975-c, with the following heading: "Soliciting for the purpose of prostitution."

The Thirty-fifth General Assembly, by chapter 304 of its Laws, approved in April, 1913, amended the aforesaid legislation of the Thirty-first General Assembly, by the following Act, to wit:

"SOLICITING FOR THE PURPOSE OF PROSTITUTION.
"S. F. 355.

"AN ACT to amend the law as it appears in section four thousand nine hundred seventy five-c (4975-c) of the supplement to the code, 1907, relating to soliciting for the purpose of prostitution.

"Section 1. Soliciting for the purpose of prostitution— penalty. That section four thousand nine hundred seventy five-c (4975-c) of the supplement to the code, 1907, be and the same is hereby amended by inserting between the words 'any' and 'female' in the third line thereof the words 'male or' so that when the section is amended, it shall read as follows:

"Sec. 4975-c. That any person who shall ask, request, or solicit another to have carnal knowledge with any male or female for a consideration or otherwise, shall be punished by imprisonment in the penitentiary not exceeding five years, or imprisonment in the county jail not exceeding one year, or by a fine not exceeding one thousand dollars, or both such fine and jail imprisonment."

It will be noted that the Thirty-fifth General Assembly put its legislative interpretation of the legislative intention of the Thirty-first General Assembly, in enacting its chapter 165, by referring to section 4975-c of the 1907 Code Supplement, as "relating to soliciting for the purpose of prostitution." It also definitely declared its own intention with reference to the

legislation and its amendment thereto by entitling the Act, "SOLICITING FOR THE PURPOSE OF PROSTITUTION" and entitling the section in the same manner.

The 1913 Supplement to the Code of Iowa, also, entitles section 4975-c in the same way. The section is 8972 in the Compiled Code of 1919, with the same heading.

. The corresponding section (13174) of the Code of 1924 and all succeeding Codes has been placed in the chapter on prostitution. While this act of so placing the section, and the wording of the headings of the section, have little, if any, weight as official interpretations, the wording of the enactments clearly indicates the legislative intent that the solicitation which is condemned is that which is for the purpose of prostitution.

 The severe penalty provided for, in itself, is a plain indication that the solicitation sought to be punished, is the odius solicitation of the "pimp", "panderer" or the "procurer" to allure others to participate in carnal relations for the purpose of prostitution.

Without in any way minimizing the immorality of illicit sexual intercourse or of condoning such transgressions, we do not believe that it was the intention of the legislature to bring within the purview of section 13174, and to subject to a maximum penalty of five years in the penitentiary, those men and women who may solicit illicit carnal relations, solely for their own personal gratification.

If the contention of counsel for the State is correct, one who would solicit a prostitute for sexual intercourse, would come within the ban of the statute. It is not necessary for us to decide that question. But we are very certain that this defendant, in any solicitation which he may have made upon the recipient of his letter, did not ask for carnal relations for the purpose of prostitution nor solicit her to offer her person for indiscriminate sexual intercourse with men.

Section 13182 of the 1935 Code of Iowa provides punishment for one who entices away an unmarried female under the age of eighteen years for the purpose of prostitution. Section 2584 of the Iowa Code of 1851 was the prototype of the existing section. In State v. Ruhl, 8 Iowa 447, the court in interpreting this section held that a man who entices away such female for

the purpose of his own sexual gratification was not guilty under the statute.

The attorneys for the State have expressed their condemnation of the conduct of the accused. We heartily agree with them. But our sole duty is to determine whether the offense with which the defendant is charged comes within the provisions of said section 13174, without regard to whether this offense, or like ones, may, or may not, come within any other criminal statutes.

It is our conclusion that the demurrer of the defendant should have been sustained. The judgment appealed from is therefore reversed and the sentence annulled, and the district court is directed to enter judgment in conformity herewith.— Reversed and remanded.

HAMILTON, C. J., and RICHARDS, SAGER, STIGER, and MILLER, JJ., concur.