Submitted on record and appellant's brief July 1, reversed and remanded with directions to dismiss this action and discharge defendant July 15, 1971

STATE OF OREGON, *Respondent, v.*
CHESTER CAIN LEACH, *Appellant.*

487 P2d 114

Enver Bozgoz, Klamath Falls, for appellant.

No appearance for respondent.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

PER CURIAM.

The defendant upon trial by jury was convicted of the crime of attempting to procure a person to en-

gage in prostitution in violation of ORS 167.125.[1] The state concedes[2] that the only evidence to support the charge was as follows: the defendant walked up to a woman in a shopping center and asked her whether she would perform a sexual act for $25.

As the state further concedes, such conduct, no matter how reprehensible, does not violate ORS 167.125. This is a pandering statute. The great weight of authority holds that the pandering statutes are not violated when, as here, one merely obtains or attempts to obtain sexual favors for himself. See, e.g., *State v. Oge*, 227 Iowa 1094, 290 NW 1 (1940); *State v. Brow*, 64 NH 577, 15 A 216 (1888); *Hewitt v. The State*, 71 Tex Crim 243, 158 SW 1120 (1913); Annotation, 74 ALR 311, 314-19 (1931).

It may well be that the defendant by his acts was guilty of disorderly conduct or some other offense

---

[1] ORS 167.125 provides:

"(1) Any person who knowingly persuades, induces, entices or coerces or causes to be persuaded, induced, enticed, or coerced, or aids or assists in persuading, inducing, enticing, or coercing any person to engage in the practice of prostitution or to go from one place to another in this state for the purpose of prostitution, or who with the intent and purpose that such person shall engage in the practice of prostitution, whether with or without his consent, and who thereby knowingly causes or aids or assists in causing such person to be carried or transported as a passenger upon the line or route of any common carrier in this state, shall be punished upon conviction by a fine of not less than $100 nor more than $5,000, or by imprisonment in the penitentiary for not more than five years.

"(2) Notwithstanding ORS 137.510, a person who violates this section shall be required to serve at least 90 days in actual confinement."

[2] The state did not file a brief, but in advising the court that it would not so do, stated its reasons as set forth above.

—nevertheless, there was no proof of the crime of pandering.

Reversed and remanded with directions to dismiss this action and discharge the defendant.