**STATE of Iowa, Appellant,**

v.

**Brenda Britt WALTON, Appellee.**

**No. 54571.**

Supreme Court of Iowa.

Feb. 25, 1972.

Ray A. Fenton, County Atty., and William Van Slingerlandt, Asst. County Atty., for appellant.

HARRIS, Justice.

The question is whether our solicitation statute proscribes solicitation by the female herself. The trial court held it did not. We disagree.

Defendant was indicted for soliciting for prostitution in violation of section 724.2 of the Code. The section provides:

"724.2 Soliciting. Any person who shall ask, request, or solicit another to have carnal knowledge with any male or female for a consideration or otherwise, shall be punished by imprisonment in the penitentiary not exceeding five years, or imprisonment in the county jail not exceeding one year, or by a fine not exceeding one thousand dollars, or both such fine and jail imprisonment."

At the close of State's evidence a motion for directed verdict was urged, essentially on three grounds. Relying on State v. Oge, 227 Iowa 1094, 290 N.W. 1, the trial court sustained the motion on the third ground, i. e. the prohibited solicitations must be made for a third person. Defendant did not file a brief nor participate in any manner in this appeal. We limit our consideration to the third ground of the motion. Sufficiency of the evidence and other defenses are not raised or considered.

Authorities from other jurisdictions are of scant assistance. The states have enacted a wide variety of prostitution statutes. Some distinguish between soliciting, pandering, and procuring and prescribe various punishments for the differing activities against which those statutes are addressed. 73 C.J.S. Prostitution § 7, page 232. The reasons for such distinctions are explained in an annotation at 74 A.L.R. 311, page 312. A study of Code chapter 724 discloses no such distinctions. The broad language of 724.2 clearly addresses itself to any person communicating the solicitation. The statute expressly includes "any male or female for a consideration or otherwise."

State v. Oge, upon which the trial court relied requires three persons in the transaction. The case is easily distinguished from the facts presented by the State. The defendant in State v. Oge communicated an invitation, not in any way improper on its face, but admittedly made in the hope that it might result in an illicit engagement between defendant and the lady addressed. We held the section, now 724.2, not applicable to such personal communications. Our holding in State v. Oge was and is limited to the facts therein appearing. Any statement, suggestion or holding in State v. Oge to the contrary is expressly overruled.

We hold section 724.2 of the Code applies to those solicitations therein described, whether communicated in behalf of one's self or another.

Under section 793.20 of the Code, the State's appeal will have no effect upon the judgment entered in favor of the defendant upon the directed verdict.

Reversed but not remanded.

All Justices concur.