**STATE of Iowa, Appellee,**

**v.**

**Garole Lee WILLIS, Appellant.**

**No. 56844.**

Supreme Court of Iowa.

May 22, 1974.

Marlyn S. Jensen, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Thomas D. McGrane, Asst. Atty. Gen., and Ray Fenton, County Atty., for appellee.

Submitted to MOORE, C. J., and LeGRAND, REES, UHLENHOPP and McCORMICK, JJ.

McCORMICK, Justice.

Defendant Garole Lee Willis appeals judgment entered on a jury verdict convicting her of soliciting under Code § 724.-2. She contends trial court erred in refusing to strike the statute as unconstitutionally vague and in refusing to instruct the jury on the doctrine of jury nullification. We reject her contentions and affirm the trial court.

I. *Constitutionality of the statute.* Defendant was charged by county attorney's information alleging that on or about the 31st day of May 1973 she "did ask, request or solicit one R. Tesdall to have carnal knowledge with a female person for a consideration" in violation of Code § 724.2. The minutes of testimony show the State claimed defendant solicited sexual intercourse with a police vice squad officer for $20.

Defendant was arraigned and entered a plea of not guilty. She then filed a motion to dismiss the information alleging Code § 724.2 is unconstitutionally vague, relying on Amendments 5 and 14 of the United States Constitution. The motion was overruled.

Code § 724.2 provides:

"Any person who shall ask, request, or solicit another to have carnal knowledge with any male or female for a consideration or otherwise, shall be punished by imprisonment in the penitentiary not exceeding five years, or imprisonment in the county jail not exceeding one year, or by a fine not exceeding one thousand dollars, or both such fine and jail imprisonment."

General principles relating to burden of proof in the adjudication of constitutionality of statutes have been recently stated in a number of cases and need not be restated here. See, e. g., State v. Kueny, 215

N.W.2d 215, 216–217 (Iowa 1974), and citations.

The constitutional vagueness test is well established. A statute is void under the Due Process Clause if it "either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application * * *." Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322, 328 (1926). A penal statute must give a person of ordinary intelligence fair warning of what is prohibited, and, in order to avoid arbitrary and discriminatory enforcement, it must provide an explicit standard for those who apply it. Grayned v. City of Rockford, 408 U.S. 104, 108–109, 92 S.Ct. 2294, 2298–2299, 33 L.Ed.2d 222, 227 (1972); State v. Robinson, 183 N.W. 2d 190, 193 (Iowa 1971).

This test is met if the meaning of the statute "is fairly ascertainable by reference to similar statutes, prior judicial determinations, reference to the dictionary, or if the questioned words have a common and generally accepted meaning." State v. Kueny, supra, 215 N.W.2d at 217.

Another relevant principle is that one to whom application of a statute is constitutional, with exceptions not involved here, lacks standing to attack the statute on the ground it might be susceptible of unconstitutional application to other persons or other situations. United States v. Raines, 362 U.S. 17, 21, 80 S.Ct. 519, 522, 4 L.Ed.2d 524, 529 (1960); State v. Farrell, 209 N.W.2d 103, 108 (Iowa 1973).

There are at least three reasons defendant's attack on § 724.2 must fail. First, her vagueness challenge in the trial court did not raise the constitutional issue she now argues. She does not now contend any words in the statute are unclear, only that if taken literally its prohibition is so broad it makes all requested sexual intercourse, including that in marriage, illegal. This is not a claim of vagueness but of overbreadth. Vagueness and overbreadth are closely related but separate issues. State v. Wedelstedt, 213 N.W.2d 652, 656 (Iowa 1973). A statute is overbroad if it attempts to achieve a governmental purpose to control or prevent activities constitutionally subject to state regulation by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms. Zwickler v. Koota, 389 U.S. 241, 249–250, 88 S.Ct. 391, 396, 19 L.Ed.2d 444, 451 (1967); see State v. Wedelstedt, supra; State v. Farrell, supra, 209 N.W.2d at 108. A constitutional challenge must be specific, State v. Vick, 205 N.W.2d 727, 729 (Iowa 1973), and such challenge may not be presented for the first time on appeal. Polson v. Meredith Publishing Company, 213 N.W.2d 520, 523 (Iowa 1973). Having failed to attack the statute on the ground of overbreadth in the trial court, defendant may not do so here.

Second, assuming defendant's vagueness challenge raised the issue, the statute does not have the defect asserted by defendant. It was interpreted in State v. Oge, 227 Iowa 1094, 290 N.W. 1 (1940) (overruled as to an unrelated principle by State v. Walton, 195 N.W.2d 100 (Iowa 1972)), after examination of legislative history, as intended to prohibit only solicitation for prostitution. Other cases show the meaning of the statute's prohibition of carnal knowledge "for a consideration or otherwise." Common law prostitution was the act or practice of a female in offering her body to indiscriminate intercourse with men. Consideration was not essential. State v. Gardner, 174 Iowa 748, 156 N.W. 747 (1916) (overruled as to an unrelated principle by State v. Frey, 206 Iowa 981, 221 N.W. 445 (1928)); State v. Clark, 78 Iowa 492, 43 N.W. 273 (1889); State v. Rice, 56 Iowa 431, 9 N.W. 343 (1881); see 63 Am.Jur.2d Prostitution § 1 at 365; 73 C.J.S. Prostitution § 1 at 225. Prior judicial determinations have thus given the statute a fairly ascertainable meaning. See State v. Kueny, supra.

Third, even if this were not true, defendant lacks standing to attack the constitutionality of the statute on its face. See United States v. Raines, supra; State v. Farrell, supra. She was charged and convicted of soliciting sexual intercourse in her own behalf with a stranger for $20. She does not and could not successfully assert the statute is vague as applied to her. Its terms have a common and generally accepted meaning. In addition, several of them have been judicially defined. The words "solicit another" signify the asking or urging of another. State v. Render, 203 Iowa 329, 331, 210 N.W. 911 (1926). The term "carnal knowledge" means sexual intercourse. State v. Ramsdell, 242 Iowa 62, 69, 45 N.W.2d 503, 508 (1951). The solicitation may be in one's own behalf or in behalf of a third person. State v. Walton, supra, 195 N.W.2d at 101. Payment of money is consideration. Thus the statute is definite in its prohibition of the conduct charged in this case.

For these reasons, defendant's contention the statute is unconstitutionally vague is without merit. Trial court did not err in overruling her motion to dismiss.

II. *Jury nullification.* Defendant requested three instructions, each of which would have informed the jury it had the right to acquit defendant even if it thought she was legally guilty of the charge. The jury would be told the trial court's instructions on the law were merely advisory and could be disregarded if the jury believed such law to be contrary to the "conscience of the community" as represented by the jury. Trial court refused to give the requested instructions or their substance and defendant duly excepted.

Defendant relies on what is called the doctrine of jury nullification. It makes the jury the trier of the law as well as the facts.

This matter has been governed by statute in Iowa since 1851. Code § 780.24 provides:

"Although the jury has the power to find a general verdict which includes questions of law as well as fact, it is bound, nevertheless, to receive as law what is laid down as such by the court." Cf. § 3016, The Code, 1851. A statute also provides that in jury trials in district court questions of law are to be decided by the court, and questions of fact are to be tried by jury. § 780.23, The Code; cf. § 3016, The Code, 1851. In contrast, juries in justice of the peace court could not be instructed on the law. See § 601.52, The Code, 1971. But that provision was repealed with abolition of the justice of the peace court. Acts 1972 (64 G.A.) ch. 1124 § 282.

In keeping with these statutes, we have long held in this jurisdiction that a district court jury is obliged not only to receive but to follow the court's instructions on the law. The instructions are binding, not merely advisory. Savery v. Busick, 11 Iowa 487 (1861). In State v. Wilson, 157 Iowa 698, 710, 141 N.W. 337, 342–343 (1913), confronted with a contention jurors have a legal right to acquit at pleasure, the court concluded jurors have the power, but not the right, to do as they please. We adhere to that view today. It is one thing to recognize jurors have the power not to do their duty and quite another to tell them they have a right not to do their duty.

The doctrine of jury nullification has been rejected in every jurisdiction which ever recognized it except in Maryland and Indiana where it is incorporated in state constitutions. In Maryland it has been criticized by leaders of the bench and bar as "an anomalous situation," "a blight upon the administration of justice," "archaic, outmoded and atrocious," "our unique and indefensible procedure," and "a constitutional thorn in the flesh of Maryland's body of criminal law." See Wyley v. Warden, Maryland Penitentiary, 372 F.2d 742, 745–746 (4 Cir. 1967), cert. denied, 389 U.S. 863, 88 S.Ct. 121, 19 L.Ed.2d 131. In Indiana the doctrine was effectively

abolished by an 1889 decision holding that trial judges are not required to instruct on it. Bridgewater v. State, 153 Ind. 560, 566, 55 N.E. 737, 739 (1889); see Wyley v. Warden, Maryland Penitentiary, supra, 372 F.2d at 747, and citations.

It was rejected for the federal system by the United States Supreme Court in Sparf v. United States, 156 U.S. 51, 15 S.Ct. 273, 39 L.Ed. 343 (1895). The court observed that, "Public and private safety alike would be in peril if the principle be established that juries in criminal cases may, of right, disregard the law as expounded to them by the court, and become a law unto themselves." 156 U.S. at 101, 15 S.Ct. at 293, 39 L.Ed. at 361. The doctrine has also uniformly been rejected when urged upon federal courts in "conscience cases" in recent years. See United States v. Dougherty, 154 U.S.App.D.C. 76, 473 F.2d 1113 (1972); United States v. Moylan, 417 F.2d 1002 (4 Cir. 1969), cert. denied, 397 U.S. 910, 90 S.Ct. 908, 25 L.Ed.2d 91 (appeal from the trial of "the Cantonsville eight"); United States v. Dellinger, 472 F.2d 340 (7 Cir. 1972), cert. denied 410 U.S. 970, 93 S.Ct. 1443, 35 L.Ed.2d 706 (appeal from the trial of "the Chicago seven"); United States v. Simpson, 460 F.2d 515 (9 Cir. 1972).

Jury nullification exalts the goal of particularized justice above the ideal of the rule of law. We are persuaded the rule of law should not be subverted. A central theme in our constitutional system is that no man is above the law and all are equally accountable to it. The people are sovereign, but they exercise their sovereignty through government rather than juries.

▄ We hold juries should not be told they have a right to disregard the law given them in the court's instructions. Trial court did not err in refusing defendant's requested instructions.

We find no reversible error.

Affirmed.