

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAN RITCHIE, | No. 08-35923 |
| Petitioner - Appellee, | D.C. No. 3:05-cv-01110-HA |
| v. | |
| SHARON BLACKETTER, | MEMORANDUM [*] |
| Respondent - Appellant. | |

| | |
|---|---|
| BRIAN RITCHIE, | No. 08-35924 |
| Petitioner - Appellee, | D.C. No. 3:05-cv-00963-HA |
| v. | |
| SHARON BLACKETTER, | |
| Respondent - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, District Judge, Presiding

Argued and Submitted December 8, 2009
Portland, Oregon

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: FARRIS, D.W. NELSON and BERZON, Circuit Judges.

The Superintendent of the Eastern Oregon Correctional Institution appeals the district court's grant of a conditional writ of habeas corpus to Brian Ritchie. We affirm.

We agree with the district court that trial counsel's performance was deficient and that the deficiency prejudiced Ritchie's defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Trial counsel did not explain to Ritchie the elements of the offense of compelling prostitution. OR. REV. STAT. § 167.017(1)(b). Specifically, trial counsel could not answer the question whether the statute proscribes paying for sex with a minor with oneself, or whether it applies only to a person who induces or causes a minor to engage in paid-for sex with some third party. If Oregon case law indeed provided no guidance on that question, then counsel's advice to plead guilty because the elements of the offense were a "gray area" might have been appropriate.

In fact, however, as the district court assumed, Oregon law is clear enough on this question that competent counsel would have advised Ritchie that the statute applies only to remunerated sex with a third party. In *State v. Leach*, 487 P.2d 114 (Or. Ct. App. 1971), the Oregon Court of Appeals interpreted an earlier version of Oregon's adult promoting prostitution statute, former OR. REV. STAT. § 167.125

2

(1969), which contained language similar to the statute at issue here.[1]  Reversing the defendant's conviction under OR. REV. STAT. § 167.125 for offering to pay a woman for sex, the court held that "pandering statutes are not violated when, as here, one merely obtains or attempts to obtain sexual favors for himself."  487 P.2d at 115.[2]

Trial counsel's failure to tell Ritchie that an Oregon court had held that pandering statutes do not apply to prostitution customers prevented him from making an informed decision about whether to go to trial, because he did not know

---

[1] OR. REV. STAT. § 167.125 (1969) provided in relevant part:

Any person who knowingly persuades, induces, entices or coerces or causes to be persuaded, induced, enticed, or coerced, or aids or assists in persuading, inducing, enticing, or coercing any person to engage in the practice of prostitution or to go from one place to another in this state for the purpose of prostitution, or who with the intent and purpose that such person shall engage in the practice of prostitution, whether with or without his consent, and who thereby knowingly causes or aids or assists in causing such person to be carried or transported as a passenger upon the line or route of any common carrier in this state, shall be punished upon conviction by a fine of not less than $100 nor more than $5,000, or by imprisonment in the penitentiary for not more than five years.

[2] The Superintendent's briefing in this case was less than forthcoming regarding *Leach*.  The reply brief cited a treatise for the proposition that some state courts have interpreted prostitution pandering statutes similar to the one in this case as inapplicable to defendants who procure sex for themselves, but terminated the citation with "Footnotes omitted."  The implication was that Oregon had no such case law.  But the "[f]ootnote[] omitted" with regard to the point mentioned above cited only *Leach*, an Oregon case.  This omission, whether intentional or sloppy, does not exhibit the care we expect from counsel.

whether he could be convicted of compelling prostitution on his version of the facts. Counsel's deficient performance thus precluded Ritchie from entering a knowing, voluntary, and intelligent plea. As the district court held, counsel's errors were compounded by the conduct of the trial judge, who made no inquiry into either the elements of compelling prostitution or the factual basis for Ritchie's guilty pleas as to those counts during the plea colloquy.

Ritchie has shown that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," *Hill v. Lockhart*, 474 U.S. 52, 59 (1985): He affirmatively attempted to withdraw his pleas and to go to trial, but the trial court would not permit him to do so. We therefore agree with the district court that Ritchie was deprived of effective assistance of counsel and that it was unreasonable of the state court to hold otherwise.

AFFIRMED.

4