(No. 34562.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE E. VON ROSEN *et al.*, Plaintiffs in Error.

*Opinion filed January 24, 1958.*

CHARLES A. BELLOWS, and JASON ERNEST BELLOWS, both of Chicago, for plaintiffs in error.

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, WILLIAM H. SOUTH, JOHN T. GALLAGHER, and WILLIAM L. CARLIN, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Defendants George E. Von Rosen, Sidney Barker, and Ben Burns, upon trial by the criminal court of Cook County, trial by jury having been waived, were convicted of violating section 1 of the act to prevent desecration of the United States Flag (Ill. Rev. Stat. 1955, chap. 56¼, par. 6,) which declares it unlawful for any person to publicly desecrate the flag of the United States. They were each sentenced to pay a fine of $50 and costs. Direct review is sought in this court by writ of error.

The evidence shows that the three defendants were respectively, publisher, art director, and editor of a magazine known as "Modern Man." In the January, 1956, issue they published an illustrated story concerning artists' life in Paris, France. One of the illustrations is the subject of this prosecution. It depicted a young woman who was nude except for a large hat, sun glasses and a piece of cloth which covered the pubic area of her body. This piece of cloth, though the defendants question the fact, looks exactly like the flag of the United States.

The trial judge considered the publication of this picture an act of desecration of the flag of the United States within the meaning of the statute. He inferred that the defendants intended this consequence and thus found them guilty as charged.

Defendants seek to invoke the jurisdiction of this court upon the grounds (1) that the section of the statute under which they were convicted is invalid in that it is regulatory of subject matter within a field occupied by the Congress of the United States and (2) that they were denied freedom of the press as guaranteed to them by section 4 of article II of the Illinois constitution and the first amendment of the United States constitution.

We consider first whether the section under which the defendants were convicted is invalid in that it is regulatory of subject matter within a field occupied by Congress. In the recent case of *Commonwealth of Pennsylvania* v. *Nelson,* 350 U.S. 497, three tests were set forth, any one of which is determinative of this question. These tests are: (1) whether the scheme of Federal legislation is so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it; (2) whether the Federal statutes touch a field in which the Federal interest is so dominant that the Federal system must be assumed to preclude enforcement of State laws on the same subject; (3) whether the enforcement of the State law presents a serious danger of conflict with the administration of the Federal program.

It is contended the Federal statute (U.S.C.A. Title 36, secs. 173-178) codifying existing rules and customs pertaining to the display and use of the flag for civilians or civilian groups or organizations not required to conform with regulations promulgated by one or more of the executive departments of the Federal government shows that Congress has left no room for the States to supplement this subject. The Federal legislation gives the official sanction of Congress to existing and widely approved rules for the respectful and patriotic use of the American flag, and is in a field in which the Federal interest is dominant.

However, the history of the flag acts of the various States reveals that they were enacted for the purpose of

preventing breaches of the peace resulting from improper use of and disrespect to the flag. This conduct was notably evidenced during the election of 1896, and as a result an association was formed for the purpose of bringing about legislation proscribing improper use of the flag. (See sec. 9A Uniform Laws Annotated 32, for historical comment of the Commissioners on Uniform State Laws.)

The Illinois act was thus enacted for the prevention of breaches of the peace within its borders, and touches a field in which the State's interest (preservation of public order) is dominant although remotely affecting the Federal interest. If this remote effect on Federal legislation produced a result inconsistent with the objective of the Federal statute, the State statute would be invalid. (*Rice v. Santa Fe Elevator Corp.* 331 U.S. 218.) While it might be inferred that Congress has left no room for the States to punish desecration *qua desecration,* it cannot be inferred that Congress intended to prevent the States from prohibiting that which incites or tends to incite a breach of peace.

We are of the opinion that the Federal statute does not deprive the States of the power to regulate the conduct of its citizens toward the American flag, when such conduct is likely to produce a breach of the peace within their borders.

In applying the facts of this case, we find the record devoid of any evidence showing or tending to show that the publication of the picture by the defendants was done under such circumstances and was of such a nature likely to bring about the substantive evils the legislature sought to prevent. Since the evidence is insufficient to show the likelihood of a breach of the peace, section 1 of the Illinois act cannot be constitutionally applied to these defendants.

In view of our holding, it is unnecessary to consider the other assignments of error by the defendants.

The judgment of the criminal court of Cook County is reversed.

*Judgment reversed.*