Robert Alan JONES, Plaintiff,

v.

Henry WADE and Frank Dyson,
Defendants.

Civ. A. No. 3–3850–A.

United States District Court,
N. D. Texas,
Dallas Division.

Feb. 1, 1972.

Bill Barbisch, Austin, Tex., for plaintiff.

Joseph G. Werner, Asst. City Atty., Dallas, Texas, for defendant Frank Dyson.

Edgar Mason, Asst. Dist. Atty., Dallas, Tex., for defendant Henry Wade.

Jay Floyd, Asst. Atty. Gen., Austin, Tex., for the State of Texas.

## MEMORANDUM DECISION

ESTES, Chief Judge.

Plaintiff Jones is presently under indictment for violation of Article 152, Vernon's Ann. Texas Penal Code, proscribing insult to the flag of the United States, in Cause No. C–70–4160–L/H, pending in the Criminal District Court of Dallas County, Texas, which violation was alleged to have occurred on or about May 19, 1970.

On May 18, 1970, at about 1:20 p. m., Jones was arrested by officers of the Dallas Police Department for suspicion of a violation of Article 152. At the time of his arrest, Jones was wearing (a) an army surplus green fatigue shirt with a small American flag sewn over the right breast pocket and (b) a pair of army surplus green fatigue pants with small American flags sewn into the bottom of the legs of his trousers. On the basis of the arrest and incarceration of Jones, on May 18, 1970, his attorney, Bill Barbisch, filed on the afternoon of the same day an application for writ of habeas corpus in the 195th District Court of Dallas County, Texas, which application was set for hearing May 19, 1970, at 11:00 a. m.

Prior to the filing of the writ and without the plaintiff's attorney knowing, plaintiff was released at 3:30 p. m. on May 18, 1970, without charge. On the morning of May 19, 1970, and prior to the time of the 11:00 a. m. writ of habeas corpus hearing in the 195th District Court, Dallas County, Texas, plaintiff filed this action in federal court.

The Original Complaint requested that a three-judge court be convened to hear this case and that a declaratory judgment be issued holding Article 152 of the Texas Penal Code unconstitutional on its face. Plaintiff also requested a temporary restraining order and a preliminary and permanent injunction, restraining defendants, their agents and successors from enforcing the challenged statute. Plaintiff sought costs and whatever other relief to which plaintiff was entitled.

On May 19, at 11:00 a. m., plaintiff's attorney learned that Jones had been released without charge at 3:30 p. m. on the preceding afternoon. The admitted purpose in filing the federal suit prior to the 11:00 a. m. writ hearing was to make certain that the plaintiff's suit fell within the doctrine of Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), by having been filed prior to any formal charge against plaintiff by state law enforcement authorities.

On the afternoon of May 19, 1970, plaintiff, dressed in the same manner as he had been dressed on May 18, went to the office of Henry Wade, District Attorney for Dallas County, Texas, where he was arrested and charged with a violation of Article 152 of the Texas Penal Code, which violation was alleged to have occurred on or about May 19, 1970. Plaintiff's attorney had advised Jones that he might be arrested if he appeared at the district attorney's office dressed as he was on May 19. Notwithstanding this warning, plaintiff persisted in wearing the same apparel to the office of the district attorney. Moreover, plaintiff made garments substantially identical to the garments which he wore on May 18 and 19, 1970, and on two occasions since May 19, 1970, has worn such garments displaying the United

States flag or replica thereof in public and in view of law enforcement officers of Dallas County. The parties to this suit have agreed that the District Attorney of Dallas County will not further prosecute Cause No. C–70–4160–L/H against plaintiff pending the final determination of this suit.

It is clear that plaintiff must assert traditional equitable grounds entitling him to the injunctive relief he requests. Younger v. Harris, 401 U.S. 37, 46, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); Perez v. Ledesma, 401 U.S. 82, 122, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971); see also Douglas v. City of Jeanette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943), and Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). The facts of this case present no such equitable grounds for relief.

■ Plaintiff is being prosecuted for alleged unlawful conduct and not for his speech or expressions. The Texas Court of Criminal Appeals recently declared that Article 152 was a constitutional statute. That Court stated that in cases involving either pure communicative conduct or speech plus conduct, a sufficiently important governmental interest in regulating nonspeech aspects of the conduct can justify incidental limitations on the right of expression. Deeds v. State (Tex.Cr.App., Nov. 9, 1971), 474 S.W.2d 718. Plaintiff's purposeful conduct brought about a prosecution under Article 152, with which a federal court should not interfere on equitable grounds. The allegations by plaintiff that his conduct was a means of expressing his feelings does not change the fact that he is being prosecuted solely for the act of wearing American flags or replicas thereof sewn into the bottom of the legs of his trousers. Whether such conduct falls within the prohibition of the statute is a question to be decided by the state court, and this court has no justification for interfering with the state court's performance of its duty.

■ In addition, this Court finds that under the circumstances surrounding the institution of this suit, the doctrine of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), would be thwarted if plaintiff were granted relief from the state prosecution through federal interference. The Younger case repeats the admonition of Fenner v. Boykin, 271 U.S. 240, 46 S.Ct. 492, 70 L.Ed. 927 (1926), that a suit to enjoin state prosecutions "even with respect to state criminal proceedings *not yet formally instituted,* could be proper only under *very special circumstances.*" (emphasis added) Younger v. Harris, *supra,* 401 U.S. at 45, 91 S.Ct. at 751.

The *Younger* doctrine of non-interference with pending state prosecutions is one of reasonableness and results from the necessity that our federal and state systems coexist and function to achieve the just and speedy disposition of criminal prosecutions. The rationale of the *Younger* doctrine would be defeated if races to the courthouse were allowed to circumvent the application of the rule.

■ The facts of this case show that the plaintiff was arrested for suspicion of a violation of Article 152 and was released, and that the next day plaintiff was arrested again for the same conduct and later was indicted by a grand jury. The second arrest took place in the office of the district attorney, who is charged with enforcement of state penal statutes, where plaintiff had gone knowing that arrest was probable and with the intent of doing what he knew to be considered a violation of Article 152. The State officials had no alternative to the prosecution of plaintiff other than a complete abdication of their responsibilities to enforce the laws of the State of Texas. In this case, the good faith of the State prosecutors cannot be challenged.

In attempting to prove that the State cannot prosecute an act as unlawful if the actor intends the act as a means of expression, plaintiff has continued to wear American flags or replicas thereof in the same manner as resulted in his indictment. Equity requires that he be made to set up and rely upon in the

state court his defense that his prosecution is unconstitutional or that his conduct is not prohibited by Article 152.

 Finally, this Court stands ready to and does declare that Article 152 of the Texas Penal Code is a valid exercise of the police power of the State of Texas to preserve the dignity of the flag of the United States of America and to prevent the violence which would naturally result from public indignities shown the national emblem.

Plaintiff is not entitled to the relief demanded.

Therefore, this action should be and hereby is ordered dismissed at plaintiff's costs.