Gary Allen **DEEDS**, Petitioner,

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections, Respondent.

Civ. A. No. CA 3–6171.

United States District Court,
N. D. Texas, Dallas Division.

Jan. 2, 1973.

Robert E. Alexander, III, Hernandez, Czaorla & Alexander, Dallas, Tex., for petitioner.

Atty. Gen., Austin, Tex., for respondent.

### MEMORANDUM OPINION

MAHON, District Judge.

Petitioner, Gary Allen Deeds, was convicted for having violated Article 152, Tex. Penal Code Ann. (1925), which provides as follows:

> "Any person who shall within this State, publicly or privately, mutilate, deface, defile, defy, tramp upon, or cast contempt upon, either by word or act any flag, standard, color, or ensign of the United States, or that of any of its officers, or on any imitation of either of them shall be confined in the penitentiary not less than two nor more than twenty-five years."

A jury assessed punishment at four years imprisonment; petitioner's conviction was subsequently affirmed by the Texas Court of Criminal Appeals. 474 S.W.2d 718 (Tex.Cr.App.1971). Deeds now seeks his release from confinement in the Texas Department of Corrections, petitioning this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He urges that the statute under which he was convicted is unconstitutionally vague and that it is overbroad in that it abridges First Amendment rights of free speech.

Petitioner here, as he did upon appeal to the state court, places significant reliance upon Street v. New York, 394 U.S. 576, 89 S.Ct. 1354, 22 L.Ed.2d 572 (1969), and United States v. O'Brien, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968) and their progeny.[1] This Court agrees with Chief Judge Jones of the Western District of North Carolina in his belief "that some federal courts are reading too much into *Street*". Parker v. Morgan, 322 F.Supp. 585, 593 (W.D.N.C.1971) (concurring opinion). In this regard, the position taken by the other two members of the three-judge district court in *Parker* that the mere inclusion of a "words" provision would, under *Street*, invalidate an otherwise constitutional statute proscribing the desecration of a flag is expressly rejected.

The facts in *Street* showed that the defendant, upon hearing that civil rights leader James Meredith had been shot, took his forty-eight star flag and burned it on a streetcorner in New York City. At the time Street burned the flag, a police officer heard him say, "We don't need no damn flag." When asked by the officer if he had burned the flag, Street said, "Yes; that is my flag; I burned it. If they let that happen to Meredith we don't need an American flag." 394 U.S. at 579, 89 S.Ct. at 1359. The section of the statute under which Street was convicted made it a crime " 'publicly [to] defy . . . or cast contempt upon [an American flag] by words . . . ' " 394 U.S. at 580, 89 S.Ct. at 1360 (brackets in original). The Supreme Court noted that Street had been "charged with two acts violative of the statute: burning a flag and publicly speaking defiant contemptuous words about the flag; and evidence was introduced to show the commission of both acts. . . . [T]he verdict was general and the sentence a single penalty." 394 U.S. at 588, 89 S.Ct. at 1363. The Court reversed the conviction stating that, "Since appellant could not constitutionally be punished . . . for his speech, and since we have found that he may have been so punished, his conviction cannot be permitted to stand." 394 U.S. at 594, 89 S.Ct. at 1366. The Court went on to state:

"In so holding, we reiterate that we have no occasion to pass upon the validity of this conviction insofar as it was sustained by the state courts on the basis that Street could be punished for his burning of the flag, even though the burning was an act of protest. Nor do we perceive any basis for our Brother White's fears that our decision today may be taken to require reversal whenever a defendant is convicted for burning a flag in protest, following a trial at which his words have been introduced to prove some element of that offense. Assuming that such a conviction would otherwise pass constitutional muster, *a matter about which we express no view*, nothing in this opinion would render the conviction impermissible merely because an element of the crime was proved by the defendant's words rather than in some other way. See United States v. O'Brien, 391 U.S. 367, 369–370, 376–377, [88 S.Ct. 1673, 20 L.Ed.2d 672] (1968)." 394 U.S. at 594, 89 S.Ct. at 1366 (emphasis added).

The conviction was reversed and remanded because, under the record before the Supreme Court, it was possible that Street had been convicted merely for having violated the "words" provision of the New York statute. Such is not the case before this Court.

Unlike Street, petitioner here was never charged with having violated the

1. See United States v. Crosson, 462 F.2d 96 (9th Cir. 1972) ; Joyce v. United States, 147 U.S.App.D.C. 128, 454 F.2d 971 (1971) cert. denied, 405 U.S. 969, 92 S.Ct. 1188, 31 L.Ed.2d 242 (1972) ; Hoffman v. United States, 144 U.S.App. D.C. 156, 445 F.2d 226 (1971) ; Long Island Vietnam Moratorium Committee v. Cahn, 437 F.2d 344 (2nd Cir. 1970) ; Sutherland v. DeWulf, 323 F.Supp. 740 (S.D.Ill.1971) ; and Parker v. Morgan, 322 F.Supp. 585 (W.D.N.C.1971).

statute through verbal expressions. To the contrary, Deeds and a companion were indicted for having violated Article 152 . . . "in that [they] . . . acting together did then and there in the City of Dallas, Texas, set fire to and burn said United States flag, contrary to the form of the statute . . . " In *Street* the Supreme Court specifically declined to express any view as to whether a conviction such as the one before this Court would or would not pass "constitutional muster."

Of considerable significance to the case at bar is the Supreme Court's statement in *Street* that "[W]e are unable to read the opinion of the Court of Appeals as reading the 'words' clause out of the statute and authoritatively construing it to reach only the act of flag burning, whether as a protest or otherwise." 394 U.S. n.4 at 581, 89 S.Ct. at 1360. In speaking for a unanimous court, Judge Odom of the Texas Court of Criminal Appeals stated:

> "Article 152 is directed toward prohibiting the nonspeech aspect of flag desecration. While it incidently limits expression, it leaves appellant free to express his views in an alternate form. (citations omitted). Conduct, not speech, is prohibited by the statute, and the prohibition applies equally regardless of the political views of the person engaging in such acts. (citations omitted)." 474 S.W.2d at 721.

■ That such construction was given the statute subsequent to the activity for which petitioner was convicted would not preclude its applicability thereto.

■ In Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), the Court said, "Our cases indicate that once an acceptable limiting construction is obtained, it may be applied to conduct occurring prior to the construction, see Poulos v. New Hampshire, 345 U.S. 395 [73 S.Ct. 760, 97 L. Ed. 1105]; Cox v. New Hampshire, 312 U.S. 569 [61 S.Ct. 762, 85 L.Ed. 1049];

Winters v. New York, 333 U.S. 507, [68 S.Ct. 665, 92 L.Ed. 840] provided such application affords fair warning to the defendants, see Lanzetta v. New Jersey, 306 U.S. 451 [59 S.Ct. 618, 83 L.Ed. 888]; *cf.* Harrison v. NAACP, 360 U.S. 167, 179 [79 S.Ct. 1025, 3 L.Ed.2d 1152]." 380 U.S. n.7 at 491, 85 S.Ct. at 1123. This Court holds that such "warning" was afforded defendant.

The Supreme Court has set forth the standards to be applied in determining the constitutionality of legislation attached on First Amendment grounds. In United States v. O'Brien, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968), the appellant urged that the statute under which he was prosecuted, 50 App., U.S.C. § 462(b), which made the destruction or multilation of a Selective Service registration certificate a criminal offense, was unconstitutional in that it abridged his rights of free speech. The Supreme Court wrote:

> "We cannot accept the view that an apparently limitless variety of conduct can be labeled 'speech' whenever the person engaging in the conduct intends thereby to express an idea. However, even on the assumption that the alleged communicative element in O'Brien's conduct is sufficient to bring into play the First Amendment, it does not necessarily follow that the destruction of a registration certificate is constitutionally protected activity. This Court has held that when 'speech' and 'nonspeech' elements are combined in the same course of conduct, a sufficiently important governmental interest in regulating the nonspeech element can justify incidental limitations on First Amendment freedoms. To characterize the quality of the governmental interest which must appear, the Court has employed a variety of descriptive terms: compelling; substantial; subordinating; paramount; cogent; strong. Whatever imprecision inheres in these terms, *we think it clear that a government regulation is sufficiently justified if it is within the constitutional*

*power of the Government; if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest.*" 391 U.S. at 376–377, 88 S.Ct. at 1678. (footnotes omitted) (emphasis supplied).

■■ With regard to the first test suggested by *O'Brien,* we are in accord with the statement of the Court of Criminal Appeals that "even assuming that the act of flag desecration was committed within a factual framework which clearly demonstrated an intent to communicate certain ideas, we hold that a state may validly prohibit such conduct. Halter v. Nebraska, 205 U.S. 34, 27 S.Ct. 419, 51 L.Ed. 696 (1904); Hoffman v. United States, [144 U.S. App.D.C. 156] 445 F.2d 226 (1971); Long Island Vietnam Moratorium Committee v. Cahn, 437 F.2d 344 (2nd Cir. 1970); Sutherland v. DeWulf, 323 F. Supp. 740 (S.D.Ill.1971); Parker v. Morgan, 322 F.Supp. 585 (W.D.N.C. 1971); Crosson v. Silver, 319 F.Supp. 1084 (D.Ariz.1970)." 474 S.W.2d at 720.[2] In taking this position, we further observe that a federal court in this district recently declared "that Article 152 of the Texas Penal Code is a valid exercise of the police power of the State of Texas to preserve the dignity of the flag of the United States of America and to prevent the violence which would naturally result from public indignities shown the national emblem." Jones v. Wade, 338 F.Supp. 441, 444 (N.D.Tex. 1972). As was stated in United States v. Crosson, 462 F.2d 96, 101 (9th Cir. 1972): "The Government has power to select a flag and legislate as to its dis-

play. Inherent in that power would be a legitimate government interest in prohibiting the contumacious destruction of that flag." We conclude (1) that the legislature was empowered to enact the statute in question, and (2) that Article 152 "furthers an important or substantial governmental interest . . ."

This Court further concludes (3) that "the governmental interest is unrelated to the suppression of free expression." In construing Article 152, the Texas Court of Criminal Appeals has specifically noted that appellant was free to express any ideas he alleged to have been symbolically communicated by his conduct here in question, provided he did so through the use of an alternate form. "The act of desecrating a flag involves two different aspects: one communicative and one purely physical and noncommunicative. It is the nonspeech aspect of such conduct which the state has a right to regulate. That both aspects are inseparably interwoven does not preclude the state from regulating the nonspeech aspect of such conduct. United States v. O'Brien, *supra*; Cameron v. Johnson, 391 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968); Adderly v. Florida, 385 U.S. 39, 87 S.Ct. 242, 17 L.Ed.2d 149 (1966)." 474 S.W.2d at 721. The Court concludes that the governmental interest is unrelated to the suppression of free expression, and (4) inasmuch as appellant has not been deprived of a forum for expressing any political views or political dissent, but rather denied the use of the flag for contemptuous physical destruction, the restriction on appellant's First Amendment freedoms is no greater than is essential to the furtherance of the governmental interest. United States v. Crosson, 462 F.2d 96 (9th Cir. 1972).

Article 152 of the Texas Penal Code, as construed by the State's highest ap-

---

**2.** Although not controlling therein, the principles of *O'Brien* were most recently reaffirmed in California, et al. v. LaRue, et al., 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972). The Court wrote: "States may sometimes proscribe expres-

sion which is directed to the accomplishment of an end which the State has declared to be illegal when such expression consists, in part, of 'conduct' or 'action' . . . ." 93 S.Ct. at 396 (citations omitted).

pellate court, has not been shown to be unconstitutional. Further, no constitutional infirmity exists in the application of that statute to petitioner. Accordingly, the petition for habeas corpus relief is, in all respects, denied.