THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LINDA MARIE SUTHERLAND *et al.,* Defendants-Appellants.

(No. 72-2;

Third District—February 9, 1973.

STOUDER, P. J., specially concurring.

Stuart Lefstein, of Rock Island, for appellants.

David Thompson, Assistant State's Attorney, of Rock Island, for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

The defendants, Linda Marie Sutherland, Roxana Margurite Schultz, and Tonia Sue Papke, were charged in a joint indictment with the crime of publicly mutilating a flag of the United States in violation of the second paragraph of section 1 of the Illinois Flag Act. (Ill. Rev. Stat. 1969, ch. 56¼, sec. 6, par. 2.) The defendants were all found guilty by a jury, each of them was sentenced by the Circuit Court of Rock Island County to pay a fine of $100 plus costs of suit, and each was placed on probation for one year. All the defendants have appealed.

The second paragraph of section 1 of the Illinois Flag Act reads as follows: "Any person who publicly mutilates, defaces, defiles or defies, tramples or casts contempt upon, whether by words or act, any such flag, standard, color or ensign [of the United States or this State] shall be punished by a fine of not less than $1,000 nor more than $5,000 or by imprisonment in the penitentiary from one to 5 years or both."

The defendants contend that this statute violates their right to freedom of speech guaranteed by the Federal and Illinois constitutions. They argue that its function is to punish disrespectful thought expressed by

conduct, and that Illinois has no sufficient interest to justify a statute of this kind. They say also that the statute is void for vagueness or for overbreadth, and that errors were committed in the course of the trial.

The evidence established that the defendants had planted an American flag in the lawn adjacent to the Federal Building in Rock Island, Illinois, had said prayers over it, and had then set it on fire to protest against the invasion of Cambodia and the death of the four students at Kent State. An F.B.I. agent who had happened to be present had advised them not to set fire to the flag and had warned them that they would be committing a felony. After the fire had been started, a passing motorist had stopped his car in the street, double-parked, had run to the scene, and had stamped on the flag to put the fire out.

After the defendants were indicted, they commenced an action in a Federal district court to have this paragraph of the Illinois Flag Act declared void for abridging free speech or for overbreadth, and to have the Rock Island County State's Attorney enjoined from prosecuting them under this statute. In that case, *Sutherland v. Dewulf*, 323 F. Supp. 740, the three-judge court, speaking through Mr. Justice Morgan, answered the arguments of these defendants, upheld the Illinois statute, and denied their request for an injunction. The same freespeech and overbreadth arguments are presented to us now.

■■ What the statute proscribes is not pure speech but conduct which may in some cases amount to symbolic speech. The United States Supreme Court was held, in *United States v. O'Brien*, 391 U.S. 367, that "when 'speech' and 'nonspeech' elements are combined in the same course of conduct," a governmental regulation of the nonspeech element which has the incidental effect of limiting First Amendment freedoms is justified "if it is within the constitutional power of the Government; if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest." It appears to us that the tests laid down in *O'Brien* for statutes which may restrict symbolic speech are met here.

It is not disputed that the Illinois legislature has a constitutional source of power to enact a statute on the misuse of flags. This has been clear since 1907. (*Halter v. Nebraska*, 205 U.S. 34 (use of the flag for advertising prohibited).) No question as to the scope of a granted or delegated power is raised by a State statute (see *Sutherland v. DeWulf*, 323 F.Supp. 740, 744 n.2), and the Federal government has not pre-empted State flag-burning statutes. *Street v. New York*, 394 U.S. 576, 598 (dissenting opinion).

The Illinois statute was enacted, the Illinois Supreme Court has stated,

for the prevention of breaches of the peace and preservation of public order. (*People v. Lindsay*, 51 Ill.2d 399; *People v. Von Rosen*, 13 Ill.2d 68.) This is plainly an important and substantial governmental interest.

The State's interest in preventing breaches of the peace is unrelated to the suppression of free expression, we believe, because the maintenance of public order does not call for inhibiting communication except incidentally and minimally. The challenged statute through which this governmental interest is effectuated, though it may restrict many other avenues of communicating dissent and dissatisfaction remain. (*Sutherland v. DeWulf*, 323 F.Supp. 740, 745-46.) Analogously, the State's interest in maintaining order permits curtailing even "pure speech" incidentally and minimally, by prohibiting the use of language which is inherently likely to provoke immediate and violent reaction. *Chaplinsky v. New Hampshire*, 315 U.S. 538; *cf. Cohen v. California*, 403 U.S. 15.

The incidental restriction on alleged First Amendment freedoms does not appear to us to be any greater than is essential to prevent breaches of the peace. Communication in one narrow way, by public desecration of the flag, is forbidden because a breach of the peace is considered likely to follow. Obviously, prohibiting flag burning restricts First Amendment freedoms no more than prohibiting draft-card burning as in *O'Brien.*

■■ It appears that the four *O'Brien* tests are met, and that the statute accordingly does not violate constitutional rights of freedom of expression, but is validated by the State's fundamental interest in securing public order.

■■ The defendants argue that the statute is void for vagueness or overbreadth. We think the statute gives reasonable notice to persons of ordinary intelligence of the kind of conduct that is prohibited. (*Grayned v. City of Rockford*, 92 S.Ct. 2294, 2298-99, 33 L.Ed.2d 222, 227; *United States v. Harriss*, 347 U.S. 612, 617; *City of Chicago v. Lawrence*, 42 Ill.2d 461, 464.) We think also that the statute goes no further than a State may go (see *Grayned v. City of Rockford*, 92 S.Ct. 2294, 2305, 33 L.Ed.2d 222, 234), its reach having been restricted by the Illinois Supreme Court to situations where there is an immediate threat to public order (*People v. Lindsay*, 51 Ill.2d 399, 406), and the *O'Brien* tests having been met. It therefore is not void on either of these two grounds.

■■ The defendants also argue that the likelihood of a breach of the peace was not established. We disagree. It appears to us that the desecration of the flag by burning it in a public place is highly likely to cause a breach of the peace. (See *Sutherland v. DeWulf*, 323 F.Supp. 740, 745.) It was long ago observed by the United States Supreme Court, in *Halter v. Nebraska*, 205 U.S. 34, 41, that indignities put upon a flag have sometimes been punished on the spot. Violence might have resulted in the case before us if the defendants had not been girls.

■■ The defendants complain that proof of the substance of the prayers to show their intent was excluded. However, their intent was shown by other testimony which was admitted, so the exclusion was harmless. (*Braswell v. New York, C. & St. L. R.R.*, 60 Ill.App.2d 120, 132.) They complain of the trial court's refusal to instruct on the Federal Flag Etiquette Statute, but we consider it inapplicable. The record leaves no doubt that the defendants' purpose was to protest against current events, not to dispose of a flag in poor condition in accordance with prescribed etiquette. They also complain that no instruction with respect to breach of the peace was given, but they did not tender any such instruction and so cannot be heard to complain of the omission now. *Bridges v. Ford Motor Co.*, 104 Ill.App.2d 26, 36-37.

We find that the second paragraph of section 1 of the Illinois Flag Act is valid, that the defendants were proved guilty, and that no reversible error was committed. Accordingly the judgment of the Circuit Court of Rock Island County is affirmed.

Judgment affirmed.

ALLOY, J., concurs.

Mr. PRESIDING JUSTICE STOUDER specially concurring:

I concur with the result reached by the majority of the court but I do not agree with the reasoning supporting such result. After considering the several opinions in *Street v. New York*, 394 U.S. 576, 89 S.Ct. 1354, 22 L.Ed.2d 572, I conclude that public flag burning to convey or dramatize protest against social conditions is a special case so far as application of first amendment liberties are concerned. The divergent views expressed in such opinions reveals a basic inclination to hold the first amendment of the Federal constitution inapplicable because of the uniqueness and special nature of the circumstances.