209 N.W.2d 103 (1973)
STATE of Iowa, Appellee,
v.
Patricia M. FARRELL, Appellant.
No. 55658.
Supreme Court of Iowa.
July 3, 1973.
*104 Mark E. Schantz, Iowa City, for appellant.
Richard C. Turner, Atty. Gen., Fred M. Haskins and Richard Winders, Asst. Attys. Gen., Carl J. Goetz, County Atty., and Thomas M. Martin, Asst. County Atty., for appellee.
Heard en banc.
RAWLINGS, Justice.
Defendant, Patricia M. Farrell (Patricia), was found guilty of flag desecration and judgment accordingly entered. She appeals. We affirm.
The offense charged stems from activities occurring on the University of Iowa campus February 11, 1971. That evening a student demonstration took place for the avowed purpose of protesting the Indo-China War and presence of R.O.T.C. on the campus. Approximately one hour after first gathering the demonstrators separated into two groups. Defendant's assemblage ultimately congregated in the Quadrangle dormitory courtyard. Shortly thereafter a United States flag was handed to defendant, which she held while others ignited and burned it.
February 25, 1971, a preliminary information was filed charging Patricia with flag desecration in violation of The Code 1971, Section 32.1 (the statute). In Iowa City Police Court defendant pled not guilty, then subsequently withdrew that plea and demurred to the information. This was premised on alleged vagueness and overbreadth of the Statute in abridgment of her First and Fourteenth Amendment rights, United States Constitution. The demurrer being overruled the case proceeded to trial and defendant was resultantly found guilty. Thereupon Patricia exercised her right to trial de novo in Johnson County District Court. For that purpose defendant and State stipulated the facts heretofore set forth. Additionally, two Iowa University security officers testified to the effect each felt personal distress upon witnessing the flag burning incident. Defense witnesses stated no interaction occurred between demonstrators, and no hostility was "sensed". Patricia did not testify.
Trial court found: (1) the act complained of was not speech; (2) valid governmental interests existed to regulate such conduct; (3) the statute was not vague as to the portion thereof regulating defendant's conduct; and (4) the overbreadth issue need not be ruled upon. Defendant was again convicted and sentenced to pay a $50 fine plus costs.
In support of a reversal Patricia urges trial court erred in, (1) holding § 32.1 could be constitutionally applied to her act of symbolic political protest; and (2) not determining § 32.1 unconstitutionally overbroad.
I. First considered is defendant's claim to the effect the statute is unconstitutional as applied to her conduct.
*105 The controverted conviction was premised on that portion of Code § 32.1 which states:
"Any person * * * who shall publicly mutilate, deface, defile or defy, trample upon, cast contempt upon, satirize, deride or burlesque, either by words or act, such flag * * * of the United States * * * shall be deemed guilty of a misdemeanor * * *."
The initial question posed is whether Patricia's instantly involved conduct is accorded a First Amendment protection.
That amendment unquestionably protects nonverbal expression as well as "pure speech". See e. g., Cohen v. California, 403 U.S. 15, 18-20, 91 S.Ct. 1780, 1784-1785, 29 L.Ed.2d 284 (1971); Tinker v. Des Moines Independent Com. Sch. Dist., 393 U.S. 503, 505-506, 89 S.Ct. 733, 736, 21 L.Ed.2d 731 (1969); United States v. O'Brien, 391 U.S. 367, 376, 88 S.Ct. 1673, 1678, 20 L.Ed.2d 672 (1968).
And in determining whether conduct constitutes symbolic expression the factor accorded most weight is the actor's intention to communicate an idea. See Goguen v. Smith, 471 F.2d 88, 98-100 (1st Cir. 1972), 412 U.S. 905, 93 S.Ct. 2291, 36 L.Ed.2d 969; Thoms v. Smith, 334 F.Supp. 1203, 1208 (D.Conn.1971), aff'd sub. nom. Thoms v. Heffernan, 473 F.2d 478 (2d Cir. 1973). See also 56 Iowa L.Rev. 614, 618 (1971).
On the other hand, not all behaviorism designed to express an idea can be labeled speech. See United States v. O'Brien, 391 U.S. at 376, 88 S.Ct. at 1678.
Although Patricia's protesting message may have been obscured rather than clarified by the mode of expression employed, we assume, without deciding, the communicative element of her conduct was sufficient to bring the First Amendment into operation. See Sutherland v. DeWulf, 323 F.Supp. 740, 744 (S.D.Ill.1971). Even so, for reasons later set forth, such symbolic action may be subject to reasonable regulation.
II. In determining the extent to which expressive action can be constitutionally regulated, we turn inceptionally to these guidelines in United States v. O'Brien, 391 U.S. 367, 376, 88 S.Ct. 1673, 1678-1679, 20 L.Ed.2d 672 (1968):
"[W]hen `speech' and `nonspeech' elements are combined in the same course of conduct, a sufficiently important governmental interest in regulating the nonspeech element can justify incidental limitations on First Amendment freedoms."
The court also demonstrably stated, id., at 391 U.S. 377, 88 S.Ct. 1679:
"[W]e think it clear that a government regulation is sufficiently justified * * * if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest."
Many fractionated views have been expressed regarding viability of flag desecration statutes such as here involved, in the context of the above stated O'Brien test. Compare (1) United States v. Crosson, 462 F.2d 96, 99-102 (9th Cir. 1972); Joyce v. United States, 147 U.S.App.D.C. 128, 454 F.2d 971, 981-990 (1971), cert. denied, 405 U.S. 969, 92 S.Ct. 1188, 31 L.Ed.2d 242 (1972); Deeds v. Beto, 353 F.Supp. 840, 841-843 (N.D.Tex.1973); Jones v. Wade, 338 F.Supp. 441, 444 (N.D.Tex.1972); Sutherland v. DeWulf, 323 F.Supp. at 744-746; United States v. Ferguson, 302 F.Supp. 1111, 1113-1114 (N.D.Cal.1969); People v. Cowgill, 274 Cal.App.2d Supp. 923, 78 Cal.Rptr. 853, 855 (1969), appeal dism'd, 396 U.S. 371, 90 S.Ct. 613, 24 L.Ed.2d 590 (1970); People v. Sutherland, 9 Ill.App.3d 824, 292 N.E.2d 746, 748-749 (1973); State v. Waterman, 190 N.W.2d 809, 810-813 *106 (Iowa 1971); People v. Radich, 26 N.Y.2d 114, 308 N.Y.S.2d 846, 257 N.E.2d 30, 32-36 (1970), aff'd by an equally divided court, 401 U.S. 531, 91 S.Ct. 1217, 28 L. Ed.2d 287 (1971); Deeds v. State, 474 S. W.2d 718, 719-722 (Tex.Cr.App.1971), with (2) Goguen v. Smith, 471 F.2d 88, 96-100 (1st Cir. 1972), prob. juris. noted 412 U.S. 905, 93 S.Ct. 2291, 36 L.Ed.2d 969; Long Island Vietnam Moratorium Committee v. Cahn, 437 F.2d 344, 348-350 (2d Cir. 1970), cert. denied, 400 U.S. 956, 91 S.Ct. 353, 27 L.Ed.2d 264 (1970) appeal docketed, No. 1507, Supreme Court, May 1971; Thoms v. Smith, 334 F.Supp. 1203, 1207-1211 (D.Conn.1971), aff'd sub. nom. Thoms v. Heffernan, 473 F.2d 478, 486-487 (2d Cir. 1973); Parker v. Morgan, 322 F. Supp. 585, 589-592 (W.D.N.C.1971); Crosson v. Silver, 319 F.Supp. 1084, 1086-1087 (D.Ariz.1970); Hodsdon v. Buckson, 310 F. Supp. 528, 533 (D.Del.1970), rev'd on other grounds sub. nom. Hodsdon v. Stabler, 444 F.2d 533 (3d Cir. 1971). See also Street v. New York, 394 U.S. 576, 89 S.Ct. 1354, 22 L.Ed.2d 572 (1969); Halter v. Nebraska, 205 U.S. 34, 27 S.Ct. 419, 51 L.Ed. 696 (1907). No useful purpose will be served by an extensive discussion of these citations. See, however, 12 Ariz.L.Rev. 71 (1970); 68 Colum.L.Rev. 1091 (1968); 3 Ind. Legal F. 159 (1969); 56 Iowa L.Rev. 614 (1971); 60 Ky.L.J. 885 (1972); 7 U. San Fran.L.Rev. 149 (1972); 1 N.M.L. Rev. 352 (1971); 32 U.Pitt.L.Rev. 513 (1971); 1972 Wash.L.Q. 193; 22 Wes.L. Rev. 555 (1971).
Our review of this case will necessarily be limited to existent, albeit meager, guidelines.
Also, as heretofore indicated, we deal with Code § 32.1 only in the context of defendant's physical conduct, because Street v. New York, supra, in effect, mandates application of the statute be so limited. Stated otherwise, § 32.1 is no longer applicable to the utterance of pure speech. But see Chaplinsky v. State of New Hampshire, 315 U.S. 568, 571-573, 62 S.Ct. 766, 769-770, 86 L.Ed. 1031 (1942).
III. In employing the O'Brien test, supra, it must be first ascertained whether an important or substantial governmental interest exists in regulating conduct of the nature here involved.
Within that ambit judicial recognition has been accorded at least four sovereign interests in furtherance of flag desecration statutes: (1) preventing breaches of the peace; (2) preserving dignity of the national symbol; (3) protecting sensibilities of onlookers; and (4) manifesting proper respect to our national emblem. See generally United States v. Crosson, 462 F.2d 96, 101 (9th Cir. 1972); Deeds v. Beto, 353 F.Supp. 840, 843 (N.D.Tex.1973); Sutherland v. DeWulf, 323 F.Supp. 740, 744 (S. D.Ill.1971); State v. Waterman, 190 N.W. 2d 809, 811-812 (Iowa 1971); People v. Cowgill, 274 Cal.App.2d Supp. 923, 78 Cal. Rptr. 853, 855 (1969), appeal dism'd, 396 U.S. 371, 90 S.Ct. 613, 24 L.Ed.2d 590 (1970); People v. Radich, 26 N.Y.2d 114, 308 N.Y.S.2d 846, 257 N.E.2d 30, 32 (1970), aff'd by an equally divided court, 401 U.S. 531, 91 S.Ct. 1217, 28 L.Ed.2d 287 (1971).
State argues it has an additional valid interest in regulating destruction of chattels by their owners. This theory, suggested by Justice Fortas' dissenting opinion in Street v. New York, supra, does not appear to have as yet been adopted by any court. Furthermore, the act in question does not purport to be an arson prohibitive enactment. In other words, although arson may in some circumstances be punishable under § 32.1, it still remains the statute is neither basically nor specifically directed towards furthering the sovereign's interest in proscribing arson.
Research reveals, however, all of the above noted state interests heretofore accorded recognition, save and except preventing breaches of the peace, have been criticized or condemned both by courts and legal commentators alike. See, e. g., Goguen v. Smith, 471 F.2d 88, 100-102 (1st Cir. 1972); Long Island Vietnam Moratorium *107 Committee v. Cahn, 437 F.2d 344, 349-350 (2d Cir. 1970); Crosson v. Silver, 319 F.Supp. 1084, 1086-1087 (D.Ariz. 1970); Hodsdon v. Buckson, 310 F.Supp. 528, 533-535 (D.Del.1970), rev'd on other grounds sub. nom. Hodsdon v. Stabler, 444 F.2d 533 (3d Cir. 1971); cf. Street v. New York, 394 U.S. 576, 591-594, 89 S.Ct. 1354, 1365-1366, 22 L.Ed.2d 572 (1969). See also 12 Ariz.L.Rev. 71 (1970); 56 Iowa L.Rev. 614 (1971); 7 U. San Fran. L. Rev. 149, 154-160 (1972).
On the other hand, it has been authoritatively determined and we agree the State unquestionably has a compelling vital interest in preservation of the public peace, and in furtherance thereof may prohibit forms of conduct which constitute a threat thereto. See Cantwell v. State of Connecticut, 310 U.S. 296, 308, 60 S.Ct. 900, 905, 84 L.Ed. 1213 (1940); Halter v. Nebraska, 205 U.S. 34, 27 S.Ct. 419, 421, 51 L.Ed. 696 (1907); Deeds v. Beto, 353 F.Supp. at 843; Sutherland v. DeWulf, 323 F.Supp. at 744-745; People v. Sutherland, 292 N. E.2d at 748; People v. Radich, 257 N.E.2d at 32; Deeds v. State, 474 S.W.2d at 721. See also Newby v. Woodbury County District Court, 259 Iowa 1330, 1340, 147 N. W.2d 886 (1967).
IV. Assuming, without deciding, none of the aforementioned sovereign interests are substantial, except that of preventing breaches of the peace, it is for us to weigh that interest against the individual's right to freedom of symbolic expression.
This in turn poses a question as to the next phase of the O'Brien test, i. e., is the State's public peace interest unrelated to suppression of free expression?
The relationship between a state's interest in preventing breaches of the peace and utilization of flag desecration statutes is thus aptly explained in Deeds v. State, 474 S.W.2d at 721:
"The emotions of the people of this nation are so integrally linked to this symbol that its desecration in public is an invitation to violence, not because of the ideas allegedly symbolized by such act but because of the nature of the act itself."
Furthermore, it is to us evident the statute here in question, as applied, is directed to and regulates the form by which defendant's message was expressed, not the content thereof. See Deeds v. Beto, 353 F.Supp. at 843; Sutherland v. DeWulf, 323 F.Supp. at 746; United States v. Ferguson, 302 F.Supp. 1111, 1114 (N.D.Cal. 1969); People v. Cowgill, 274 Cal.App.2d Supp. 923, 78 Cal.Rptr. 853, 855 (1969), appeal dism'd, 396 U.S. 371, 90 S.Ct. 613, 24 L.Ed.2d 590 (1970).
We therefore conclude Code § 32.1, as here applied, is sufficiently irrelative to suppression of free expression.
V. The final requirement under O'Brien, supra, is that the incidental restriction on alleged First Amendment freedoms be no greater than essential to furtherance of the state interest sought to be protected.
Patricia argues the statute is excessively restrictive because imminence of a breach of peace is not thereby required to support a conviction. Supportively cited are Cohen v. California and Tinker v. Des Moines Independent Com. Sch. Dist., both supra. She further asserts there was no evidence instantly presented disclosing a breach of peace was committed or imminent.
To these arguments, however, a dispositive answer is readily apparent. The presence or absence of an actual peace disturbance is immaterial, since the physical act of burning a United States flag is conduct which could reasonably be expected to provoke a breach of peace. See Joyce v. United States, 454 F.2d at 987-988; Sutherland v. DeWulf, 323 F.Supp. at 745; People v. Cowgill, 78 Cal.Rptr. at 855; People v. Sutherland, 292 N.E.2d at 748-749.
*108 Furthermore, we find desecration of a flag by burning creates far more than an undifferentiated fear of a breach of the peace disturbance. See Deeds v. State, supra. Thus Tinker v. Des Moines Independent Com. Sch. Dist., cited above, is to us distinguishable.
This court is satisfied any restriction on expression emanating from the statute, as applied to defendant, is minimal, and in any event no more than essential to a furtherance of the State's legitimate interest in maintaining public order. From this it follows, and we now hold, Code § 32.1 was constitutionally applied to defendant's conduct.
VI. As aforesaid defendant further contends, trial court erred in failing to find § 32.1 unconstitutionally overbroad.
Overbreadth is a term generally understood to describe a statute which not only forbids conduct constitutionally subject to proscription, but also sweeps within its ambit those actions ordinarily deemed to be constitutionally protected. See Zwickler v. Koota, 389 U.S. 241, 250, 88 S. Ct. 391, 396, 19 L.Ed.2d 444 (1967); Thornhill v. State of Alabama, 310 U.S. 88, 97, 60 S.Ct. 736, 742, 84 L.Ed. 1093 (1940); Overstock Book Company v. Barry, 305 F. Supp. 842, 851 (E.D.N.Y.1969); Landry v. Daley, 280 F.Supp 938, 951-952 (N.D.Ill. 1968). See generally 83 Harv.L.Rev. 844 (1970).
And a legislative enactment found unconstitutionally overbroad cannot be applied unless and until a satisfactory limiting construction has been effected. This means, absent such limitation an overbroad prohibitive enactment is, in effect, deemed facially void. See Gooding v. Wilson, 405 U.S. 518, 92 S.Ct. 1103, 1105, 31 L.Ed.2d 408 (1972); Coates v. City of Cincinnati, 402 U.S. 611, 619-620, 91 S.Ct. 1686, 1691, 29 L.Ed.2d 214 (1971) (White, J., dissenting); Dombrowski v. Pfister, 380 U.S. 479, 490-492, 85 S.Ct. 1116, 1123-1124, 14 L.Ed.2d 22 (1965).
In support of her aforesaid overbreadth claim Patricia argues § 32.1 is, by its terms, made applicable to some forms of conduct so clearly protected by the constitution and so innocuous to legitimate state interests as to make it overinclusive.
Defendant also urges she has "standing" to voice the instant challenge even though her conduct be constitutionally proscribed under the statute.
With regard to "standing" the Court said in United States v. Raines, 362 U.S. 17, 21, 80 S.Ct. 519, 522, 4 L.Ed.2d 524 (1960): "[O]ne to whom application of a statute is constitutional will not be heard to attack the statute on the ground that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional."
On the other hand, when an overbreadth challenge is directed towards a statute which purports to regulate speech the "standing" requirement has, to some degree, been thus tempered. "`Although a statute may be neither vague, overbroad, nor otherwise invalid as applied to the conduct charged against a particular defendant, he is permitted to raise its vagueness or unconstitutional overbreadth as applied to others.'" Gooding v. Wilson, 405 U.S. 518, 92 S.Ct. 1103, 1105, 31 L.Ed.2d 408 (1972), quoting from Coates v. City of Cincinnati, supra, 402 U.S. at 619-620, 91 S.Ct. at 1691 (White, J., dissenting). It is under this exception to the Raines doctrine, supra, defendant asserts her standing.
But we need not and do not reach the overbreadth issue here raised. As stated previously, application of the statute is instantly limited, in accord with Street v. New York, supra, to physical acts of flag desecration. Thus appropriately restricted § 32.1 does not bar or regulate speech. In light thereof defendant's overbreadth challenge fails for lack of standing under the Raines doctrine, supra. Having thus resolved *109 the issue at hand we deem it unnecessary to treat same upon any broader constitutional basis. See Colten v. Commonwealth of Kentucky, 407 U.S. 104, 92 S.Ct. 1953, 1958, n. 3, 32 L.Ed.2d 584 (1972). Compare with Sutherland v. DeWulf, 323 F.Supp. 740, 746-749 (S.D.Ill.1971); Deeds v. State, 474 S.W.2d 718, 722 (Tex.Cr. App.1971).
By virtue of the foregoing this court concludes the judgment from which appeal is here taken should not be disturbed.
Affirmed.
All Justices concur, except McCORMICK, J., who dissents.
McCORMICK, Justice (dissenting).
I respectfully dissent.
I. Constitutionality of the statute as applied. The majority upholds the constitutionality of Code § 32.1 as applied in this case on the basis the infringement of free speech was essential to maintain public order. In doing so it brushes aside the fact the record is devoid of evidence of any threatened disorder. The parties stipulated the flag was burned in a group of 50 persons gathered for the purpose of protesting the Indo-China war in furtherance of their common protest. The group sang the national anthem as the flag burned. The only two onlookers shown to have been affected were university security officers who, although personally upset by the incident, did not testify to any circumstances from which it would be reasonable to infer the flag-burning threatened public peace.
The majority decision rests entirely on its premise that "* * * the physical act of burning a United States flag is conduct which could reasonably be expected to provoke a breach of peace." The United States Supreme Court flatly rejected this basis for restricting symbolic speech in Tinker v. Des Moines Community School Dist., 393 U.S. 503, 508-509, 89 S.Ct. 733, 737-738, 21 L.Ed.2d 731, 739 (1969) in disapproving a school district suspension of students who wore black armbands in protest of the Vietnam war:
"The District Court concluded that the action of the school authorities was reasonable because it was based upon their fear of a disturbance from the wearing of the armbands. But, in our system, undifferentiated fear or apprehension of disturbance is not enough to overcome the right to freedom of expression. Any departure from absolute regimentation may cause trouble. Any variation from the majority's opinion may inspire fear. Any word spoken, in class, in the lunchroom, or on the campus, that deviates from the views of another person may start an argument or create a disturbance. But our Constitution says we must take this risk * * *; and our history says that it is this sort of hazardous freedom  this kind of openness  that is the basis of our national strength and of the independence and vigor of Americans who grow up and live in this relatively permissive, often disputatious, society." (Italics supplied).
It is obvious the provocative effect of flag-burning is dependent on the circumstances of a given case. Its likely effect, as here, at an anti-war rally in which kindred spirits are associated is substantially dissimilar from its likely effect in the midst of an American Legion convention.
Neither conduct "tending" or "calculated" to cause a breach of the peace may be blanketly proscribed. Gooding v. Wilson, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972). The possibility of violence in the present case is clearly more remote than in Cantwell v. Connecticut, 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213 (1940) where the court set aside on First Amendment grounds the conviction of a proselytizer who stopped two Catholics on a public street and played a record in their presence attacking their religion.
*110 The constitutional limit on restricting provocative expression is fixed in Chaplinsky v. New Hampshire, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942). It was there held epithets carrying a message of personal abuse directly to another  "fighting words"  ("You are a God damned racketeer" and "a damned Fascist * * *") invite retaliation from the average person and may be punished. In Chaplinsky the court held in effect that such words are the equivalent of striking the first blow against the addressee. In such a situation the message is the medium whereas in symbolic speech the medium is the message. The symbolic speech in the present case is constitutionally more valued than the epithets in Chaplinsky. See Cohen v. California, 403 U.S. 15, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1971).
I see no substantive difference between the present case and Street v. New York, 394 U.S. 576, 89 S.Ct. 1354, 22 L.Ed.2d 572 (1969) where, despite a combination of flag-burning and provocative words ("We don't need no damn flag") in a much more volatile situation, the court held defendant's arrest violated his right of free expression.
Restriction of free expression under the mask of preventing public disorder is a greater danger to the republic which our flag symbolizes than any act of peaceful public protest in which dissent is expressed by burning the flag.
II. Constitutionality of the statute on its face. I also agree with defendant's contention the statute is unconstitutional because overbroad. As this case illustrates it purports to encompass conduct which includes First Amendment activities. Goguen v. Smith, 471 F.2d 88 (1 Cir. 1972); Crosson v. Silver, 319 F.Supp. 1084 (D. Ariz.1970); cf. Gooding v. Wilson, supra.
I would reverse.