THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LINDA MARIE SUTHERLAND *et al.*, Defendants-Appellants.

(No. 74-352;

Third District—June 16, 1975.

Peter Denger, of Rock Island, and Thomas Kelly, of Davenport, Iowa (Stuart R. Lefstein, of counsel), for appellants.

David DeDoncker, State's Attorney, of Rock Island (F. Stewart Merdian and Michael Weinstein, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

The defendants, Linda Marie Sutherland, Roxana Margurite Schultz, and Tonia Sue Papke, were charged in a joint indictment with the crime of publicly mutilating a flag of the United States in violation of the second paragraph of section 1 of the Illinois flag desecration act (Ill. Rev. Stat. 1969, ch. 56¼, par. 6). In a trial before a jury, all defendants were found guilty.

In an earlier opinion filed on February 9, 1973, this court affirmed the judgments of conviction. (*People v. Sutherland*, 9 Ill.App.3d 824, 292 N.E.2d 746.) The Illinois Supreme Court denied leave to appeal, without opinion, on May 31, 1973.

Thereafter, the defendants appealed to the United States Supreme Court. On July 8, 1974, that Court vacated the judgment and the cause was remanded for further consideration in light of *Spence v. Washington*, 418 U.S. 405, 41 L.Ed.2d 842, 94 S.Ct. 2727, and *Smith v. Goguen*, 415 U.S. 566, 39 L.Ed.2d 605, 94 S.Ct. 1242, *Sutherland v. Illinois*, 418 U.S. 907, 41 L.Ed.2d 1154, 94 S.Ct. 3198, (memorandum opinion).

The cause is now before this court pursuant to the directions of the United States Supreme Court. This cause was redocketed, additional briefs have been filed, and oral arguments were heard in order to aid the court in reconsideration of the issues.

The facts are set out in our earlier opinion and need not be restated here.

In our earlier opinion, we applied the four-step analysis of *United States v. O'Brien*, 391 U.S. 367, 20 L.Ed.2d 672, 88 S.Ct. 1673, a case which involved the burning of a draft card. In that case the United States Supreme Court held that "when 'speech' and 'nonspeech' elements are combined in the same course of conduct," a governmental regulation of a nonspeech element which has the incidental effect of limiting first amendment freedoms is justified "if it is within the constitutional power of the Government; if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest."

The defendants argue that section 1 of the Illinois flag desecration act is unconstitutional as applied because the act of burning a flag is protected symbolic speech within the first amendment. They contend that

burning a flag, unlike a draft card, is a purely symbolic act containing no nonspeech elements. Therefore, the *O'Brien* analysis does not apply. The defendants also rely on *Spence*, a flag case, in which the United States Supreme Court found the *O'Brien* treatment inapplicable.

The defendants attempt to argue that conduct involving the burning of a flag constitutes speech. This argument fails to account for the view of the United States Supreme Court, expressed in *O'Brien* and reiterated in *Spence*, wherein the Court rejected the proposition that "an apparently limitless variety of conduct can be labeled 'speech' whenever the person engaging in the conduct intends thereby to express an idea." *Spence v. Washington*, 418 U.S. 405, 41 L.Ed.2d 842, 94 S.Ct. 2727; *United States v. O'Brien*, 391 U.S. 367, 20 L.Ed.2d 672, 88 S.Ct. 1673.

In *Spence*, the defendant affixed a peace symbol fashioned of removable tape to a flag which he owned and hung it from the window of his apartment. The record failed to demonstrate any risk of breach of the peace.

The United States Supreme Court did not adopt the *O'Brien* approach because no governmental interest unrelated to expression had been advanced or could be supported on the record. The record in the instant appeal, unlike that in *Spence*, does support a valid governmental interest unrelated to expression—that is, the prevention of breaches of the peace and the preservation of public order. *People v. Lindsay*, 51 Ill.2d 399, 282 N.E.2d 431; *People v. Von Rosen*, 13 Ill.2d 68, 147 N.E.2d 327.

We also find that *Smith v. Goguen* does not require a different result. In *Smith*, the Supreme Court held only that the "treats contemptuously" portion of a flag-misuse statute was void for vagueness under the due process clause of the fourteenth amendment because the statutory provision did not adequately give notice of what acts were criminal and did not establish minimal guidelines to govern law enforcement officers and juries. No allegation of physical desecration was made there as in the case at bar. More important, however, the court did not hold that a legislature may not define "with substantial specificity what constitutes forbidden treatment of United States flags."

Finally, *Spence* and *Goguen* did not reject the breach of the peace rationale as a basis for the State's interest in enacting flag desecration statutes. We find therefore that neither *Spence* nor *Goguen* requires a reversal of the judgments of conviction.

Judgment affirmed.

ALLOY and BARRY, JJ., concur.